■ M. J. WILLIAMS CORP., Respondent, v ROMA FRAGRANCES AND COSMETICS, LTD., et al., Respondents. EVE OF ROMA CORP. et al., Cross-Respondents, v SHERIFF OF SUFFOLK COUNTY, Cross-Appellant, and EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES et al., Cross-Respondents.—Order of the Supreme Court, New York County (Kenneth Shorter, J.), entered December 9, 1985, which, *inter alia,* denied the motion by third-party defendant-appellant the Sheriff of Suffolk County for summary judgment and other alternative relief, is unanimously modified, on the law, to the extent of granting summary judgment to appellant Sheriff, and otherwise affirmed, with costs and disbursements.

In this action by plaintiff M. J. Williams Corp. to recover allegedly secured loans, defendants-respondents Eve of Roma Corp. and Roma Fragrances and Cosmetics, Ltd. cross-claimed against another defendant and brought a third-party action against the Sheriff of Suffolk County and others for alleged wrongful eviction. Third-party defendant-appellant Sheriff moved, *inter alia,* for summary judgment based upon Local Laws, 1978, No. 1 of Suffolk County, which provides in pertinent part:

"Section 1. Extent of Liability of Sheriff

"(a) Any act or omission of any employee of the county in the office of the Sheriff, done or made in the performance of an official duty or for the performance of which the county is paid or receives compensation or fee, shall be the act or omission of the county and the damages, if any, resulting therefrom shall be deemed the liability of the county.

"(b) Nothing contained in this section shall make the county responsible for the acts of the Sheriff thereof, nor relieve said Sheriff from any liability to which he is lawfully subject."

The appellant also presented sworn statements by himself and a subordinate establishing that he was not directly or personally involved in the eviction. In opposition, respondents presented solely conclusory allegations concerning the Sher-

iff's participation which were clearly insufficient to defeat his motion for summary judgment.

Special Term incorrectly denied the motion for summary judgment because appellant Sheriff's claim "was not pleaded as an affirmative defense in the Answer". Summary judgment, however, may be granted on such a defense if there is no surprise or prejudice to the opposing party. *(Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn.,* 104 AD2d 258, 262.) Here, the Sheriff, in the first affirmative defense in his answer, asserted his reasonable belief that he acted within his "statutory" powers. In addition, the defense is not based on some arcane intra-agency regulation but upon a public statute, readily accessible to respondents. Concur—Sandler, J. P., Ross, Asch, Fein and Kassal, JJ.