(May 16, 2002)

■ BENJAMIN AGRONT, Respondent, v CITY OF NEW YORK, Appellant. [741 NYS2d 691] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered on or about March 16, 2001, which, in an action for false imprisonment and malicious prosecution, denied the City's cross motion for summary judgment, unanimously reversed, on the law, without costs, the cross motion for summary judgment granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

The City should have been granted summary judgment, since the arrest in question was based upon "such grounds as would induce an ordinarily prudent and cautious person, under the circumstances, to believe that plaintiff had committed the [crime]" as a matter of law (*Smith v County of Nassau*, 34 NY2d 18, 25), and the facts leading up to the arrest, and the inferences to be drawn therefrom, were not in dispute (*Parkin v Cornell Univ.*, 78 NY2d 523, 529; *Kramer v City of New York*, 173 AD2d 155, 156, *lv denied* 78 NY2d 857). Three identified witnesses attested in writing that the victim told the EMS crew that she had been pushed out the window (*see, People v Chipp,* 75 NY2d 327, 339-340, *cert denied* 498 US 833; *People v*

*Powell*, 234 AD2d 397, 398, *lv denied* 89 NY2d 988). Additional undisputed evidence in the form of first-hand observations of the victim's fall and the nature and location of her injuries was consistent with her statement. The alleged conflicting evidence uncovered in the course of the police investigation is relevant to the issue of whether guilt beyond a reasonable doubt could have been proven at a criminal trial, not to the initial determination of the existence of probable cause (*see*, *Gisondi v Town of Harrison*, 72 NY2d 280, 285; *Orminski v Village of Lake Placid*, 268 AD2d 780, 782), and, at any rate, was uncorroborated.

Inasmuch as there was probable cause for plaintiff's arrest, which was not dissipated by events between the time of the arrest and the commencement of the criminal proceeding, plaintiff's claim for malicious prosecution must also fail (*Brown v City of New York*, 92 AD2d 15, 17, *affd* 60 NY2d 893; *Grant v Barnes & Noble*, 284 AD2d 238, 239). Concur—Williams, P.J., Mazzarelli, Saxe, Lerner and Marlow, JJ.