■ Antonio Molina, Appellant, v City of New York et al., Defendants, and County of Westchester et al., Respondents. [814 NYS2d 120]—

Order, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered March 8, 2005, which, to the extent appealed from, granted the motion of defendant-respondent Victor Cruz and the cross motion of defendants-respondents County of Westchester and Donald McArthur for summary judgment dismissing the fifth and seventh through tenth causes of action, and denied plaintiff's cross motion for summary judgment, unanimously affirmed, without costs.

Inasmuch as the law enforcement actions upon which this lawsuit is premised did not terminate in an acquittal or unqualified dismissal, but merely in an adjournment in contemplation of dismissal (*see Roesch v Otarola,* 980 F2d 850, 853-854 [1992]), plaintiff's claims for malicious prosecution and, on the basis of the alleged malicious prosecution, seeking damages for federal civil rights violations, were properly dismissed (*see Singleton v City of New York,* 632 F2d 185, 194-195 [1980], *cert denied* 450 US 920 [1981]; *Hollender v Trump Vil. Coop.,* 58 NY2d 420, 425-426 [1983]). Plaintiff's acceptance of the adjournment in contemplation of dismissal also operated as a waiver of his right to challenge whether there was probable cause for his arrest and renders untenable his claims for false arrest and imprisonment (*see Hock v Kline,* 304 AD2d 477, 478 [2003]). In any event, it is clear that there was probable cause to support plaintiff's arrest, and the existence of probable cause constitutes a complete defense to the claims for false arrest and imprisonment (*see Weyant v Okst,* 101 F3d 845, 852 [1996]; *Tersigni v Triborough Bridge & Tunnel Auth.,* 293 AD2d 366 [2002]). Although probable cause was not pleaded as an affirmative defense, summary judgment based on the existence of probable cause was nonetheless permissible since defendants did allege in their responsive pleadings that their conduct toward plaintiff had been justified, thus placing plaintiff on notice that they would contend that allegedly wrongful arrest had been based on probable cause (*see M. J. Williams Corp. v Roma Fragrances & Cosmetics,* 121 AD2d 278, 279 [1986]).

Also properly dismissed was plaintiff's claim for abuse of process, since it is plain that plaintiff is unable to demonstrate that process was utilized against him, without excuse or justification, to obtain a collateral objective (*see Rosen v Hanrahan*, 2 AD3d 352, 353 [2003]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Buckley, P.J., Tom, Andrias, Gonzalez and Sweeny, JJ.