■ ROBERTO MARRERO et al., Respondents, v CITY OF NEW YORK, Appellant. [824 NYS2d 228]—

Order, Supreme Court, New York County (Faviola Soto, J.), entered on or about January 6, 2005, which, to the extent appealed from as limited by the briefs, denied defendant City of New York's motion for summary judgment dismissing plaintiffs' remaining causes of action for false arrest and unlawful imprisonment, and assault and battery, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

It is settled that a plaintiff asserting a common-law claim for false arrest must demonstrate that: the defendant intended to

confine the plaintiff; the plaintiff was conscious of the confinement; the plaintiff did not consent to the confinement; and the confinement was not otherwise privileged (*Martinez v City of Schenectady*, 97 NY2d 78, 85 [2001]; *Broughton v State of New York*, 37 NY2d 451, 458 [1975], *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929 [1975]). Moreover, the existence of probable cause to arrest, which is the dispositive issue herein, constitutes a complete defense to the claims of false arrest and unlawful imprisonment (*Strange v County of Westchester*, 29 AD3d 676 [2006]; *Molina v City of New York*, 28 AD3d 372 [2006]).

In order to establish probable cause to arrest, proof beyond a reasonable doubt is not required (*People v Steele*, 23 AD3d 158, 159 [2005], *lv denied* 6 NY3d 781 [2006]; *People v Chatman*, 22 AD3d 255 [2005], *lv denied* 6 NY3d 753 [2005]), "but merely information sufficient to support a reasonable belief that an offense has been . . . committed" (*People v Bigelow*, 66 NY2d 417, 423 [1985]; *see also People v Dickerson*, 20 AD3d 359 [2005], *lv denied* 5 NY3d 852 [2005]). Further, in determining whether a police officer had probable cause to effect an arrest, the emphasis should not be narrowly focused, but rather should consider "all of the facts and circumstances together" (*People v Bigelow*, 66 NY2d at 423); such a "synoptic evaluation is essential because '[v]iewed singly, these [facts and circumstances] may not be persuasive, yet when viewed together the puzzle may fit and probable cause found'" (*People v Shulman*, 6 NY3d 1, 26 [2005], *cert denied* 547 US —, 126 S Ct 1623 [2006], quoting *People v Bigelow*, 66 NY2d at 423).

In this matter, the record discloses that the New York City police officers possessed probable cause to arrest plaintiffs based upon information they obtained from the National Guard Military Police that plaintiffs' passes to enter the restricted World Trade Center area were no longer valid, coupled with their observations that plaintiffs were wandering in and around the restricted area for almost two hours at a time without being engaged in any rescue activity; that they were filling their bags with supplies intended for those engaged in rescue and recovery efforts; and that their clothes were clean, unlike the clothing of the volunteers who were working. Accordingly, we disagree with the finding of the motion court that some unidentified issue of fact concerning probable cause exists to preclude the dismissal of plaintiffs' claims for false arrest and unlawful imprisonment.

Finally, with regard to plaintiffs' claim for assault and battery, since the record is devoid of any evidence that the force used to make the arrests was excessive, that claim should also

be dismissed (*see Akande v City of New York*, 275 AD2d 671, 672 [2000]). Concur—Andrias, J.P., Marlow, Nardelli, Williams and Sweeny, JJ.