■ INGRID ARZENO et al., Respondents-Appellants, v BRODIE M. MACK, JR., Appellant-Respondent, and TRAVELERS CASUALTY COMPANY et al., Respondents. [833 NYS2d 480]—

Order, Supreme Court, Bronx County (Janice L. Bowman, J.), entered February 21, 2006, which denied the motion of defendant Mack for summary judgment dismissing the complaint as against him, granted summary judgment and dismissed the complaint as against defendants Travelers Casualty, Pepe and Farnan, and denied plaintiffs' motion for summary judgment, unanimously modified, on the law, Mack's motion granted and the complaint dismissed as against him, and, upon a search of the record, summary judgment dismissing the complaint as against defendants Zelanka and Wanderman as well, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

This is an action for, inter alia, false arrest and malicious prosecution. Although an indictment charging plaintiffs with insurance fraud and offering false instruments for filing was ultimately dismissed, probable cause existed for their arrest and prosecution based on extensive investigation, including forensic tests of the vehicle's ignition cylinder. Such probable cause constituted a complete defense to a claim of false arrest, under both state and federal standards (*see Marrero v City of New York*, 33 AD3d 556, 557 [2006]; *Weyant v Okst*, 101 F3d 845, 852

[2d Cir 1996]). The claim of malicious prosecution also fails because of the existence of probable cause as well as the absence of actual malice (*see Smith-Hunter v Harvey*, 95 NY2d 191, 195 [2000]). Mack investigated the underlying criminal case as an employee of the New York State Police at the White Plains office of the Bureau of Criminal Investigation Special Investigations Unit, Auto Theft. Since probable cause existed and Mack's actions were reasonably based, no bad faith was shown and he was entitled to qualified immunity (*see Arteaga v State of New York*, 72 NY2d 212, 216 [1988]; *see also Weyant*, 101 F3d at 857-858).

As this Court has the authority to grant summary judgment to defendants even in the absence of a cross appeal (*Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 110 [1984]), such relief should be granted, upon a search of the record, to Assistant District Attorneys Zelanka and Wanderman for the same reasons as set forth above. These prosecutors were also entitled absolute immunity, as they were acting "within the scope of [their] official duties in initiating and pursuing a criminal prosecution and in presenting the State's case" (*Shapiro v Town of Clarkstown*, 238 AD2d 498, 500 [1997], *lv denied* 90 NY2d 807 [1997]).

The court properly dismissed the complaint as against Travelers Casualty and its investigators, Pepe and Farnan, based on their showing of entitlement to summary judgment (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

We have considered plaintiffs' arguments on cross appeal and find them without merit. Concur—Tom, J.P., Mazzarelli, Friedman, Williams and Sweeny, JJ.