Dominick I. GOLIO, Plaintiff–Appellee,

v.

Jennifer SUGGS, Badge 151, f/n/u
Lopez, Badge Unknown,
Defendants–Appellants,

City of White Plains, City of White
Plains Police Department, City of
White Plains Police Officers, J. Doe
One to Five, Defendants.

No. 06–5460–cv.

United States Court of Appeals,
Second Circuit.

May 6, 2008.

Frances Dapice Marinelli (Joseph A.
Maria, on the brief), White Plains, NY, for
Defendants–Appellants.

George Wachtel, Kuby & Perez, LLP,
New York, NY, for Plaintiff–Appellee.

PRESENT: Hon. CHESTER J.
STRAUB and Hon. REENA RAGGI,
Circuit Judges, Hon. SIDNEY H. STEIN,
District Judge.[1]

## SUMMARY ORDER

Defendants–Appellants appeal from a
judgment of the United States District

---

1. The Honorable Sidney H. Stein, United
States District Judge for the Southern District
of New York, sitting by designation.

Court for the Southern District of New York (Colleen McMahon, *Judge* ), denying their motions for summary judgment on the basis of qualified immunity. *See Golio v. City of White Plains,* 459 F.Supp.2d 259 (S.D.N.Y.2006). We assume the parties' familiarity with the facts and the record of prior proceedings.

■ As an initial matter, as Plaintiff–Appellee Golio points out, Defendants–Appellants did not sufficiently argue against the District Court's denial of their motion for summary judgment on the excessive force claims in their opening brief to this Court. Accordingly, any such argument is considered waived. *See Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."), *cert. denied,* 525 U.S. 1001, 119 S.Ct. 511, 142 L.Ed.2d 424 (1998); *In re Harris,* 464 F.3d 263, 268 n. 3 (2d Cir.2006) ("We generally do not consider issues raised in a reply brief for the first time because if an appellant raises a new argument in a reply brief an appellee may not have an adequate opportunity to respond to it." (internal quotation marks and citations omitted)).

■ Defendants–Appellants argue that the District Court erred in denying their motions for summary judgment with respect to the false arrest and negligence claims. "Ordinarily, 'the denial of a motion for summary judgment is not immediately appealable because such a decision is not a final judgment.' " *Cowan ex rel. Estate of Cooper v. Breen,* 352 F.3d 756, 760 (2d Cir.2003) (quoting *O'Bert ex rel. Estate of O'Bert v. Vargo,* 331 F.3d 29, 38 (2d Cir.2003)). An interlocutory appeal from a district court's denial of a defen-

dant's motion for summary judgment ·on the basis of qualified immunity, however, can be taken "because, as the Supreme Court has emphasized, the qualified immunity issue should be resolved early in the proceedings since qualified immunity protects an officer from suit." *Id.* (citing *Saucier v. Katz,* 533 U.S. 194, 200, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)). "Such jurisdiction is nevertheless limited to circumstances where the qualified immunity defense may be established as a matter of law." *Escalera v. Lunn,* 361 F.3d 737, 743 (2d Cir.2004) (internal quotation marks omitted). We only have "jurisdiction over the appeal to the extent it is based on either the undisputed facts or the version of the facts presented by [the plaintiff], and we will disregard any disputed facts or facts that contradict [the plaintiff's] version of the events." *Cowan,* 352 F.3d at 761 (citing *O'Bert,* 331 F.3d at 39). In other words, so long as the defendant asserts "an immunity defense on stipulated facts, facts accepted for purposes of the appeal, or the plaintiff's version of the facts that the district judge deemed available for jury resolution," we have jurisdiction. *Salim v. Proulx,* 93 F.3d 86, 90 (2d Cir.1996); *see also O'Bert,* 331 F.3d at 38.

With respect to the false arrest claim,[2] Defendant–Appellant Suggs primarily disputes the facts as set forth by Plaintiff–Appellee Golio and accepted by the District Court. However, as stated above, we lack jurisdiction over such an argument. *Escalera,* 361 F.3d at 742–43. To the extent that Suggs argues that she is entitled to qualified immunity as a matter of law based on Golio's version of the facts, we disagree.

To establish a claim for false arrest, a plaintiff must show that "the defendant

---

**2.** The District Court granted the motion for summary judgment dismissal of the false arrest claim as to Officer Lopez. That decision

has not been appealed and is therefore not before us.

intentionally confined him without his consent and without justification." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir.1996). However, an arresting officer will be entitled to qualified immunity from a suit for damages if she can establish that there was "arguable probable cause" to arrest. "if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." *Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir.1991).

■ Here, as the District Court found, it cannot at this time be determined as a matter of law that "arguable probable cause" existed for Suggs to arrest Golio. Genuine issues of material fact exist, for example, as to whether Suggs herself performed the license check and whether the information she obtained during the check showed clearly a different birth date and/or name from the one shown on Golio's license. As the District Court noted, and Defendant–Appellant concedes, when Golio returned to the police station the next day, another police officer was able to "immediately realize[ ] that an error had been made." *Golio*, 459 F.Supp.2d at 262. Accordingly, taking the facts in the light most favorable to Golio, we simply cannot

conclude as a matter of law that it was "objectively reasonable" for Suggs to believe that probable cause existed, or that "officers of reasonable competence" could disagree as to whether probable cause existed.[3] *Golino*, 950 F.2d at 870. Accordingly, this portion of the appeal must be dismissed.

■ Similarly, under New York law, police officers facing suit are entitled to qualified immunity, "shielding the [defendant] except when there is bad faith or the action taken is without a reasonable basis."[4] *Arteaga v. State*, 72 N.Y.2d 212, 216, 532 N.Y.S.2d 57, 527 N.E.2d 1194 (1988); *Jones v. Parmley*, 465 F.3d 46, 63 (2d Cir.2006); *see also Arzeno v. Mack*, 39 A.D.3d 341, 342, 833 N.Y.S.2d 480 (1st Dep't 2007) (holding that "[s]ince probable cause existed and [White Plains New York State Police officer]'s actions were reasonably based, no bad faith was shown and he was entitled to qualified immunity").[5] For the reasons set forth above, and as the District Court found, we cannot determine based on the record before us that as a matter of law, Suggs' actions had a "reasonable basis." *Arteaga*, 72 N.Y.2d at 216, 532 N.Y.S.2d 57, 527 N.E.2d 1194. Accordingly, this portion of the appeal must also be dismissed.[6]

---

3. Defendants–Appellants appear to suggest in their reply brief that Plaintiff could have been arrested solely for operating a vehicle with unregistered plates, to which he eventually pled guilty. However, this is a determination to be made by the District Court in the first instance, and as the District Court denied summary judgment "with leave to renew," nothing in this order would prevent the District Court from revisiting that issue before trial.

4. Defendants–Appellants concede that they are entitled to qualified, as opposed to absolute, immunity.

5. Golio argues that Suggs should be entitled to no immunity because her actions were

ministerial, rather than discretionary. We reject Golio's argument because it is clear, for substantially the same reasons stated by the District Court, that under New York law, Suggs's decision to arrest Golio was a discretionary one. *See Davis v. State*, 257 A.D.2d 112, 115, 691 N.Y.S.2d 668 (3d Dep't 1999).

6. Defendants–Appellants also argue that "[t]he District Court did not address defendants' argument for dismissal of Golio's action against the White Plains Police Department." However, as Golio points out, the District Court granted the motion on June 23, 2006, and Golio does not appeal this decision. Accordingly, this argument is denied as moot.

For the reasons set forth above, the appeal is DISMISSED.