COLIN WARNER, Also Known as COLLINS HILLARY WARNER, et al., Appellants-Respondents, v CITY OF NEW YORK et al., Respondents-Appellants. [870 NYS2d 82]—

After serving 21 years of a sentence of 15 years' to life imprisonment based on a judgment of the Supreme Court, Kings County (Murray, J.), rendered June 17, 1982, convicting him of murder in the second degree, upon a jury verdict, the plaintiff Colin Warner, also known as Collins Hillary Warner (hereinafter the plaintiff) moved pursuant to CPL 440.10 to vacate the judgment of conviction. The defendant Kings County District Attorney's Office (hereinafter Kings County DA) joined in the plaintiff's motion and separately moved to dismiss the indictment. In an order dated January 31, 2001 the Supreme Court, Kings County (Leventhal, J.), granted the motion, vacated the judgment of conviction, and dismissed the indictment. Thereafter, the plaintiff and his wife Catherine Charles Warner, suing derivatively (hereinafter together the plaintiffs), brought this action, inter alia, to recover damages for malicious prosecution.

After joinder of issue, the plaintiffs moved, among other things, for summary judgment on the issue of liability, and the defendants cross-moved, inter alia, to dismiss the complaint insofar as asserted against the defendants Kings County DA and Walter Crowe, the Assistant District Attorney who had prosecuted the case against the plaintiff, on the ground of absolute immunity, and for a protective order with respect to the deposition of Crowe. In an order dated May 4, 2007 the Supreme Court denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability, granted that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against the defendants Kings County DA and Crowe, and denied that branch of the defendants' motion which was for a protective order with respect to the deposition of Crowe. The plaintiffs appeal from so much of the order as denied that branch of their motion which was for summary judgment on the issue of liability and the defendants' cross-appeal from so much of the order as denied that branch of their motion which was for a protective order.

The Supreme Court properly determined that the plaintiffs failed to demonstrate their prima facie entitlement to judgment as a matter of law. Contrary to the plaintiffs' contention, the defendants City of New York, New York City Police Department, and Detective Joel Wasser (hereinafter collectively the City defendants), none of whom appeared in the criminal action, are not deemed to have admitted that the plaintiff was wrongfully arrested, imprisoned, and prosecuted, by virtue of the fact that the Kings County DA joined in the plaintiff's CPL 440.10 motion, as the Kings County DA is a separate entity from the City defendants (*see Brown v City of New York,* 60 NY2d 897, 898 [1983]; *Matter of Saccoccio v Lange,* 194 AD2d 794 [1993]). Accordingly, any admissions by the Kings County DA in the criminal proceeding neither bind the City defendants (*cf. Matter of Union Indem. Ins. Co. of N.Y.,* 89 NY2d 94, 103 [1996]), nor judicially or collaterally estop the City defendants from opposing the complaint in the instant action (*cf. Brown v City of New York,* 60 NY2d at 898; *People v Berkowitz,* 50 NY2d 333, 345 [1980]; *Festinger v Edrich,* 32 AD3d 412, 413 [2006]). Since the plaintiffs failed to establish, prima facie, their entitlement to summary judgment on the issue of liability, that branch of their motion was properly denied regardless of the sufficiency of the defendants' opposing papers (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]).

The Supreme Court properly denied that branch of the

defendants' motion which was for a protective order with respect to Crowe's deposition. The record establishes that Crowe's testimony is material and necessary, and the defendants failed to demonstrate that the deposition of Crowe would prejudice them (*see* CPLR 3101 [a]; 3103 [a]).

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination. Mastro, J.P., Miller, Balkin and McCarthy, JJ., concur.