■ CLAUDIO LOPEZ, Appellant, v CITY OF NEW YORK et al., Respondents. [891 NYS2d 648]—

Issues of fact as to probable cause are raised by plaintiff's indictment and acquittal (*cf. Broughton v State of New York*, 37 NY2d 451, 458 [1975], *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929 [1975]) and the conflicting versions of the events leading up to the arrest given by plaintiff and the arresting officer (*see Coleman v City of New York*, 182 AD2d 200, 203 [1992]; *see generally Harris v City of New York*, 147 AD2d 186, 188-189 [1989]). Concur—Tom, J.P., Renwick and Freedman, JJ.

Nardelli, J., dissents in a memorandum as follows: I would affirm the grant of summary judgment. It is evident that the ar-

resting officer, who testified that he saw defendant retrieve a white object, later determined to be seven ounces of cocaine, had more than probable cause to arrest defendant. Plaintiff was arrested on September 28, 2003, and did not give his version of the events until his deposition in this case on August 31, 2006, almost three years later. The officer who identified him as being involved in the drug transaction swore to a criminal complaint dated September 29, 2003; and was the sole witness at the criminal trial, which occurred on November 16 and 17, 2004. The detailed version he gave was consistent with the allegations in the criminal complaint. There was also a motion made to challenge the sufficiency of the evidence before the grand jury, and the motion was denied after review of the grand jury minutes, which were, presumptively, consistent with the version offered at the criminal trial.

At the criminal trial, defendant exercised his constitutional right not to testify, but apparently also did not offer any other evidence in his behalf. Thus, until plaintiff was deposed almost three years after the original incident there was only one version of the facts, Detective Negron's, and that version had been given three times.

Defendant was acquitted after a nonjury trial. The judge who acquitted him simply stated, without elaboration, "The verdict with respect to the only count in the indictment, criminal sale of controlled substance in the first degree, is not guilty." The court did not make any specific findings with regard to, for instance, the officer's credibility, or the implausibility of the People's case, which would have bearing on the issues in this case. Thus, the only legal significance to be drawn from the verdict in the criminal trial insofar as this case is concerned is that the finder of fact made a conclusion that the People had failed to establish beyond a reasonable doubt that defendant had committed the crime with which he was charged.

Inasmuch as the reasonable doubt standard is significantly more stringent than whether probable cause existed, the verdict in the criminal case, contrary to the majority's position, has no other legal significance. "Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been or is being committed" (*People v Bigelow*, 66 NY2d 417, 423 [1985]). "The legal conclusion is to be made after considering all of the facts and circumstances together" (*id.*; *see also Marrero v City of New York*, 33 AD3d 556 [2006]).

The existence of probable cause constitutes a complete defense

to a claim of false arrest, under both state and federal standards (*Arzeno v Mack*, 39 AD3d 341 [2007]). "Once a suspect has been indicted . . . the law holds that the Grand Jury action creates a presumption of probable cause" (*Colon v City of New York*, 60 NY2d 78, 82 [1983]). "The presumption may be overcome only by evidence establishing that the police witnesses have not made a complete and full statement of facts either to the Grand Jury or to the District Attorney, that they have misrepresented or falsified evidence, that they have withheld evidence or otherwise acted in bad faith" (*id.* at 82-83 [citations omitted]).

Plaintiff has not met the test for overcoming the presumption. In his brief, plaintiff states that defendants failed to meet their prima facie burden of demonstrating entitlement to judgment "principally due to the fact that Detective Negron's deposition testimony . . . was inherently incredible, or at least so improbable that it should be subject to the common sense and good judgment of a jury." In support of this claim he argues that it strains credulity to believe that Detective Negron could walk up to a group of complete strangers while they were in the midst of a drug transaction. The fallacy with this argument is that defendant himself stipulated that the bag which was seized by the police as a result of the transaction contained over seven ounces of cocaine. Thus, the police officer's version was not incredible at all, or even improbable, since it is evident that a drug transaction did take place in his presence, that individuals were arrested as a result of his observations, and that the bag which was the focus of the transaction contained cocaine.

Consequently, since plaintiff has failed to rebut the presumption of probable cause, I submit that the grant of summary judgment should be affirmed. **[Prior Case History: 2009 NY Slip Op 30046(U).]**