■ ASHON LEFTENANT, Appellant, v CITY OF NEW YORK, Respondent. [895 NYS2d 88]—

Order, Supreme Court, Bronx County (Mary Ann Briganti-Hughes, J.), entered on or about May 5, 2009, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.

The complaint seeks damages for false arrest, wrongful imprisonment, malicious prosecution, violation of constitutional rights under 42 USC § 1983, and negligent hiring, training and supervision of police officers. Although plaintiff's affidavit denied involvement in a drug transaction, it did not deny the

essential facts as to what the officer testified he had observed, or that plaintiff did possess the specified drug paraphernalia and a sum of cash. Inasmuch as the officer's observations established probable cause for arrest (*see Lui Yi v City of New York*, 227 AD2d 453 [1996]), defendant had a complete defense to the claims of false arrest, false imprisonment and malicious prosecution (*Batista v City of New York*, 15 AD3d 304 [2005]), notwithstanding the subsequent dismissal of the criminal charges (*Arzeno v Mack*, 39 AD3d 341 [2007]). The complaint fails to allege bad faith by the officers with respect to false arrest (*id.* at 342), or actual malice with respect to malicious prosecution (*Jenkins v City of New York*, 2 AD3d 291 [2003]). The actions and statements of the District Attorney, whose office was nonetheless acting within the scope of its official duties (*Arzeno*, 39 AD3d at 342), could not be imputed to the municipal defendant, an entirely different entity (*see Warner v City of New York*, 57 AD3d 767, 768 [2008]).

The claim asserted under 42 USC § 1983 must be dismissed for failure to allege that the challenged acts resulted from official municipal policy or custom (*Monell v New York City Dept. of Social Servs.*, 436 US 658, 690-691 [1978]). And since the officers were acting within the scope of their employment, which plaintiff does not dispute, the claim of negligent hiring, training and supervision must also fail (*Ashley v City of New York*, 7 AD3d 742 [2004]). Concur—Andrias, J.P., Saxe, Sweeny and Freedman, JJ.