■ LYNN NARVAEZ, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendants. [922 NYS2d 12]—

Order, Supreme Court, New York County (Karen S. Smith, J.), entered May 6, 2009, which granted the motion of defendant New York City Housing Authority (NYCHA) for summary judgment dismissing the complaint as against it and, upon a search of the record, granted summary judgment to defendants City of New York and the New York City Police Department (NYPD) dismissing the complaint as against them, and denied plaintiff's cross motion to strike NYCHA's and the City's answers, unanimously affirmed, without costs.

The motion court properly granted summary judgment to NYCHA and the City as to the claims against them alleging false arrest, malicious prosecution, and violation of civil rights under 42 USC § 1983. As to the false arrest and malicious prosecution claims, the record establishes that NYCHA, the City and their employees did not participate in the arrest or prosecution of plaintiff except as witnesses (*see Mesiti v Wegman*, 307 AD2d 339, 340 [2003]). As to the section 1983 claims, these defendants also showed that they had no role in training or supervising the arresting officer. Plaintiff failed to present evidence demonstrating otherwise.

The court also properly dismissed the false arrest, malicious prosecution, and section 1983 claims against the NYPD, as plaintiff failed to raise a triable issue of fact as to whether the arresting officer lacked probable cause. The grand jury's indictment of plaintiff raised a presumption of probable cause, and plaintiff failed to demonstrate that this presumption was or could have been rebutted by evidence that was lost (*see Colon v City of New York*, 60 NY2d 78, 82 [1983]). Moreover, even if the officer lacked probable cause, this single arrest, standing by itself, was not so egregious as to demonstrate "inadequate training or supervision amounting to deliberate indifference or 'gross negligence' on the part of officials in charge" (*Turpin v Mailet*, 619 F2d 196, 202 [2d Cir 1980], *cert denied* 449 US 1016 [1980]).

The court properly denied plaintiff's cross motion pursuant to CPLR 3126 to strike NYCHA's and the City's answers due to spoliation. Those defendants cannot be held liable for the District Attorney's loss of the file concerning the NYPD's investigation of plaintiff. The District Attorney's Office is an independent entity, and not the agent of either the City or NYCHA (*see Leftenant v City of New York*, 70 AD3d 596, 597 [2010]).

We have considered plaintiff's remaining arguments, including that there is a triable issue of fact as to her wrongful termination claim, and find them unavailing. Concur—Andrias, J.P., Saxe, Catterson, Abdus-Salaam and Manzanet-Daniels, JJ.