■ Tyrone Williams, Respondent, v City of New York, Appellant, et al., Defendant. [981 NYS2d 114]—

In an action, inter alia, to recover damages for false imprisonment and malicious prosecution, the defendant City of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated June 29, 2012, as denied those branches of its motion which were for summary judgment dismissing the causes of action alleging false imprisonment and malicious prosecution insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendant City of New York which were for summary judgment dismissing the causes of action alleging false imprisonment and malicious prosecution insofar as asserted against it are granted.

"In order to prevail on a cause of action seeking to recover damages for false arrest or imprisonment, a plaintiff must prove that: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was aware of the resulting confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged" (*Rivera v County of Nassau*, 83 AD3d 1032, 1033 [2011]; *see Broughton v State of New York*, 37 NY2d 451, 456 [1975], *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929 [1975]). "The existence of probable cause serves as a legal justification for the arrest and an affirmative defense to the claim of false imprisonment or false arrest" (*Rivera v County of Nassau*, 83 AD3d at 1033 [internal quotation marks omitted]; *see Broughton v State of New York*, 37 NY2d at 458; *Smith v County of Nassau*, 34 NY2d 18, 23 [1974]).

Contrary to the Supreme Court's determination, the City of New York demonstrated its prima facie entitlement to judgment as a matter of law dismissing the plaintiff's false imprisonment claim. " 'Generally, information provided by an identified citizen accusing another individual of a specific crime is legally sufficient to provide the police with probable cause to arrest' " (*Rivera v County of Nassau*, 83 AD3d at 1033, quoting *People v Bero*, 139 AD2d 581, 584 [1988]; *see Minott v City of New York*, 203 AD2d 265, 267 [1994]; *Shapiro v County of Nassau*, 202 AD2d 358 [1994]). Here, the City established the existence of probable cause to arrest the defendant by presenting evidence that an identified citizen accused the plaintiff of a specific crime. The plaintiff failed to raise a triable issue of fact in opposition (*see Redmond v City of White Plains*, 77 AD3d 902, 902 [2010]). Accordingly, the Supreme Court should have granted that branch of the City's motion which was for summary judgment dismissing the false imprisonment cause of action.

"The elements of the tort of malicious prosecution are: (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice" (*Broughton v State of New York*, 37 NY2d at 457; *see Colon v City of New York*, 60 NY2d 78, 82 [1983]). "Once a suspect has been indicted, . . . the indictment creates a presumption of probable cause to believe that the suspect committed the crime" (*Chetrick v Cohen*, 52 AD3d 449, 450 [2008]; *see Colon v City of New York*, 60 NY2d at 82-83; *Strange v County of Westchester*, 29 AD3d 676, 677 [2006]). "The presumption may be overcome only by evidence establishing that the police witnesses have not made a complete and full statement of facts either to the Grand

Jury or to the District Attorney, that they have misrepresented or falsified evidence, [or] that they have withheld evidence or otherwise acted in bad faith" (*Colon v City of New York*, 60 NY2d at 82-83). Here, the City demonstrated its prima facie entitlement to judgment as a matter of law by showing that the plaintiff was indicted by a grand jury for the subject incident, thus creating a presumption of probable cause.

The plaintiff asserts that a fingerprint analysis report, which was prepared after the victim and the lead detective testified before the grand jury, exonerated him and rebutted the presumption of probable cause created by the grand jury indictment. Contrary to the plaintiff's contention, the fingerprint analysis report did not exonerate him, but instead constituted "conflicting evidence uncovered in the course of the police investigation" that was "relevant to the issue of whether guilt beyond a reasonable doubt could have been proven at a criminal trial, not to the initial determination of the existence of probable cause" (*Agront v City of New York*, 294 AD2d 189, 190 [2002]; *see Lewis v Caputo*, 20 NY3d 906, 907 [2012]; *Medina v City of New York*, 102 AD3d 101, 107 [2012]; *Carthens v City of New York*, 168 AD2d 408 [1990]; cf. *Kemp v Lynch*, 275 AD2d 1024, 1025-1026 [2000]). The plaintiff's further contention that the lead detective withheld the report from the grand jury and the Kings County District Attorney's office (hereinafter the DA's office) is purely speculative (*see Strange v County of Westchester*, 29 AD3d at 676), and the record does not support his contention that the criminal investigation was conducted in a manner which deviated so egregiously from proper police procedure as to indicate intentional or reckless action by the lead detective (*see Lee v City of Mount Vernon*, 49 NY2d 1041, 1042-1043 [1980]; cf. *Haynes v City of New York*, 29 AD3d 521, 522-523 [2006]; *Hernandez v State of New York*, 228 AD2d 902, 905 [1996]). Accordingly, the plaintiff failed to raise a triable issue of fact in opposition to the City's prima facie showing, and the City was entitled to summary judgment dismissing the malicious prosecution cause of action.

On appeal, the plaintiff also accuses the DA's office of wrongdoing in connection with his criminal proceeding. The plaintiff's contentions with respect to the DA's office, however, are not properly before this Court, as they are based on arguments and evidence provided for the first time in the plaintiff's surreply papers submitted to the Supreme Court (*see Sawyers v Troisi*, 95 AD3d 1293, 1294 [2012]; *Lenox Hill Hosp. v Government Empls. Ins. Co.*, 89 AD3d 905, 905 [2011]; *Fotiadis v Fotiadis*, 18 AD3d 699, 700 [2005]). Moreover, the plaintiff

withdrew all claims against the DA's office, leaving the City as the only remaining defendant in this case. The DA's office is an entity separate from the City (*see Narvaez v City of New York*, 83 AD3d 516, 517 [2011]; *Leftenant v City of New York*, 70 AD3d 596, 597 [2010]; *Warner v City of New York*, 57 AD3d 767, 768 [2008]). While "a 42 USC § 1983 claim may be maintained against the City for the conduct of the District Attorney's office, insofar as the District Attorney acted as a New York City policymaker" (*Johnson v Kings County Dist. Attorney's Off.*, 308 AD2d 278, 296 [2003]; *see Ramos v City of New York*, 285 AD2d 284, 303 [2001]), the plaintiff withdrew his 42 USC § 1983 claims against the City.

In light of our determination, we need not address the City's remaining contentions. Rivera, J.P., Leventhal, Hall and Roman, JJ., concur.