Thompson v City of New York (2018 NY Slip Op 02267)





Thompson v City of New York


2018 NY Slip Op 02267


Decided on March 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 29, 2018

Sweeny, J.P., Renwick, Manzanet-Daniels, Kahn, Kern, JJ.


6149 303003/13

[*1]Lawrence Thompson, Plaintiff-Respondent,
v
The City of New York, et al., Defendants-Appellants.


Zachary W. Carter, Corporation Counsel, New York (Eric Lee of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered January 13, 2016, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.
Plaintiff alleges that he was unlawfully arrested and charged with criminal possession of a forged instrument in the third degree (Penal Law § 170.20) due to the erroneous conclusion that the temporary license plate on his vehicle was forged. Plaintiff cannot prevail on his false arrest, false imprisonment, and malicious prosecution claims because the police officer's observations, based on his training and experience with similar license plates, provided a reasonable basis for him to conclude that plaintiff's temporary plate was forged, granting him probable cause to arrest plaintiff (see Walker v City of New York, 148 AD3d 469, 470 [1st Dept 2017]; Leftenant v City of New York, 70 AD3d 596 [1st Dept 2010]). To establish probable cause, it was not necessary for the police to show that plaintiff had the intent necessary to secure a conviction of third-degree criminal possession of a forged instrument (see Jenks v State of New York, 213 AD2d 513, 514 [2d Dept 1995], lv denied 86 NY2d 702 [1995]).
The claim brought under 42 USC § 1983 must be dismissed because plaintiff failed to adequately allege that the challenged acts of the police were the result of an official municipal policy or custom (see Monell v New York City Dept. of Social Servs., 436 US 658, 690-691 [1978]; Leftenant at 597). Furthermore, because the police were acting within the scope of their employment, plaintiff's claim for negligent hiring, training, and supervision must be dismissed (Boyd v City of New
York, 143 AD3d 609 [1st Dept 2016]; Leftenant at 597), and there is no claim in New York for general negligence (see Medina v City of New York, 102 AD3d 101, 108 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 29, 2018
DEPUTY CLERK