Alexandre Borisovski, Plaintiff-Respondent, 
against
Metropolitan Transportation Authority and Otis Noboa, Defendants-Appellants.



Defendants appeal from an order of the Civil Court of the City of New York, New York County (Anthony Cannataro, J.), entered July 6, 2017, which denied their CPLR 3211 motion to dismiss the complaint.




Per Curiam.
Order (Anthony Cannataro, J.), entered July 6, 2017, reversed, without costs, motion granted and complaint dismissed. The Clerk is directed to enter judgment accordingly.
Accepting plaintiff's allegations as true and drawing all reasonable inferences in his favor, as we must on a motion to dismiss pursuant to CPLR 3211 (see Leon v Martinez, 84 NY2d 83, 87—88 [1994]), plaintiff failed to state a cause of action pursuant to 42 USC § 1983, arising from an MTA police officer's order directing him to leave a certain Staten Island train station. Plaintiff failed to make sufficiently specific allegations of fact indicating that he was deprived of his constitutional rights (see Alfaro Motors, Inc. v Ward, 814 F2d 883, 887 [2nd Cir 1987]), and failed to adequately allege that the act that allegedly deprived him of his rights was the result of an official municipal policy or custom (see Monell v New York City Dept. of Social Servs., 436 US 658, 690-691 [1978]; Thompson v City of New York, __ AD3d __, 2018 NY Slip Op 02267 [1st Dept 2018]). Plaintiff's broad and conclusory statements are insufficient to state a section 1983 claim (see Pang Hung Leung v City of New York, 216 AD2d 10, 11 [1995]). Similarly, plaintiff's allegations of wrongful training and hiring are conclusory (see Thomas v City of New York, 154 AD3d 417, 418 [2017]).
Plaintiff's State common-law claims for wrongful ejection and arbitrary refusal to carry him as a passenger should also have been dismissed. No allegations are made that plaintiff was prevented from boarding any train (see Barney v Oyster Bay & Huntington Steamboat Co., 67 NY 301, 302 [1876]; compare Borisovski v City of New York, 41 Misc 3d 126[A], 2013 NY Slip Op 51649[U] [App Term, 1st Dept 2013] [arbitrary refusal to carry plaintiff as a passenger on its ferry]) or that he was wrongfully ejected from a train (see Gillespie v Brooklyn Hgts. R.R. Co., 178 NY 347 [1904]; Hamilton v Third Ave. R.R. Co., 53 NY 25 [1873]). Indeed, plaintiff conceded at his General Municipal Law § 50-h hearing that he "didn't intend to use the train."
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 23, 2018