Hoffman v Town of Southampton (2018 NY Slip Op 08284)





Hoffman v Town of Southampton


2018 NY Slip Op 08284


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2016-01473
 (Index No. 61295/13)

[*1]Peter L. Hoffman, et al., appellants, 
v
Town of Southampton, et al., respondents, et al., defendants.


Stanley Cohen, New York, NY, for appellants.
Law Offices of Cahn & Cahn, P.C., Melville, NY (Richard C. Cahn of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for malicious prosecution, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Andrew G. Tarantino, Jr., J.), dated January 19, 2016. The order granted the motion of the defendants Town of Southampton, Board of Trustees of the Freeholders and Commonalty of the Town of Southampton, and Frederick C. Havemeyer for summary judgment dismissing the complaint insofar as asserted against them and denied the plaintiffs' cross motion for summary judgment on the complaint insofar as asserted against those defendants.
ORDERED that the order is affirmed, with costs.
The plaintiff Lotte, LLC, of which the plaintiff Peter Hoffman is the sole member, owns real property located in the Town of Southampton. In January 2007, Hoffman filed an application with the defendant Board of Trustees of the Freeholders and Commonalty of the Town of Southampton (hereinafter the Trustees) for a permit for a pre-existing dock and catwalk constructed, without a permit, allegedly in the 1960s. In March 2007, the Trustees informed Hoffman that the structures were illegal and must be removed, and in August 2007, the Town commenced a criminal proceeding against the plaintiffs for constructing and maintaining an illegal dock without a Trustees' permit in violation of section 111-30 of the Code of the Village of Southampton. In 2011, the Justice Court granted the Town's motion to dismiss all criminal charges against the plaintiffs.
The plaintiffs then commenced this action against, among others, the Town, the Trustees, and Frederick C. Havemeyer, individually and as a member of the Trustees (hereinafter collectively the defendants), to recover damages for malicious prosecution. The defendants moved for summary judgment dismissing the complaint insofar as asserted against them, and the plaintiffs cross-moved for summary judgment on the complaint insofar as asserted against the defendants. The Supreme Court granted the defendants' motion and denied the plaintiffs' cross motion. The plaintiffs appeal.
"The elements of the tort of malicious prosecution are: (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding [*2]and (4) actual malice" (Broughton v State of New York, 37 NY2d 451, 457; see Williams v City of New York, 114 AD3d 852, 853). "Probable cause consists of such facts and circumstances as would lead a reasonably prudent person in like circumstances to believe plaintiff guilty" (Colon v City of New York, 60 NY2d 78, 82).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them by demonstrating, prima facie, that they had probable cause for commencing the criminal proceeding. In particular, although the plaintiffs asserted that the dock was a nonconforming structure that existed prior to the enactment of section 111-30 of the Code of the Village of Southampton, which requires permits for building docks under certain circumstances, the defendants demonstrated their reasonable belief that a permit requirement had been in effect since 1949. Further, while the plaintiffs argued that a permit was not required under the terms of the relevant law because the dock was situated upon land owned by Lotte, LLC, not upon land owned by the Trustees, the defendants produced conflicting evidence as to title to the land on which the dock was constructed. This evidence supported the defendants' reasonable belief in the Trustees' ownership of the land, and thus, the plaintiffs' guilt of the charged violation (see generally Williams v City of New York, 114 AD3d at 854; Covert v County of Westchester, 202 AD2d 384, 385).
In opposition, the plaintiffs failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them and, for the same reasons, to deny the plaintiffs' cross motion for summary judgment on the complaint insofar as asserted against the defendants.
AUSTIN, J.P., ROMAN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court