Niyah v New York City Police Dept. (2022 NY Slip Op 07160)

Niyah v New York City Police Dept.

2022 NY Slip Op 07160

Decided on December 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 15, 2022

Before: Renwick, J.P., Shulman, Rodriguez, Higgitt, JJ. 

Index No. 22702/14 Appeal No. 16898 Case No. 2021-03173 

[*1]Charlotte Niyah, as Guardian for Isabel L., a Minor, et al., Plaintiffs-Appellants,
v
New York City Police Department et al., Defendants-Respondents.

Law Office of Susan Pepitone, Forest Hills (Susan Pepitone of counsel), for appellants.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Rebecca L. Visgaitis of counsel), for respondents.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about March 18, 2021, which granted defendant City of New York's motion for summary judgment dismissing plaintiffs' remaining causes of action, unanimously affirmed, without costs.
Plaintiff Charlotte Niyah commenced this action on behalf of herself and her infant daughter Isabel L. based on allegedly improper conduct by New York City police officers. The officers removed plaintiff's daughter from her home pursuant to a Family Court order that granted the father visitation rights. As relevant here, the complaint asserted claims against the City of New York (the City) for intentional infliction of emotional distress, unreasonable seizure in violation of 42 USC § 1983, and violation of due process in violation of 42 USC § 1983.
Plaintiffs' claim for intentional infliction of emotional distress against the City is barred as a matter of public policy (see Melendez v City of New York, 171 AD3d 566, 567 [1st Dept 2019], lv denied 33 NY3d 914 [2019]).
The motion court also properly dismissed plaintiffs' claims against the City alleging violation of their civil rights under 42 USC § 1983. Plaintiffs' argument that the NYPD failed to properly train officers in how to enforce Family Court orders of visitation was raised for the first time in their opposition to the City's summary judgment motion. In any event, the allegations in the complaint do not rise above a generalized assertion that the City engaged in willful and malicious policies and practices that deprived plaintiffs of their constitutional rights. Moreover, even if the officers violated an NYPD policy, this single violation, by itself, was not so egregious as to demonstrate inadequate training or supervision amounting to deliberate indifference on the part of officials in charge (see Fludd v City of New York, 199 AD3d 894, 897 [2d Dept 2021]; see also Narvaez v City of New York, 83 AD3d 516, 517 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2022