Joshua PROWISOR, Plaintiff–Appellant,

v.

BON–TON, INC., Defendant–Cross–Claimant–Cross–Defendant–Appellee,

Town of Newburgh and Roger S. Roth, sued in his individual capacity, Defendants–Appellees.

No. 06–221–cv.

United States Court of Appeals, Second Circuit.

April 26, 2007.

Rose M. Cotter, Eustace and Marquez, White Plains, NY, for Defendant–Cross–Claimant–Cross–Defendant–Appellee.

Monte J. Rosenstein, Law Offices of Monte J. Rosenstein, P.C., Middletown, NY, for Defendants–Appellees.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER and Hon. B.D. PARKER, Circuit Judges.

### *SUMMARY ORDER*

Joshua Prowisor appeals from the April 7, 2007 judgment of the United States District Court for the Southern District of New York (William C. Conner, *J.*), dismissing the action in its entirety with prejudice. The judgment was entered pursuant to an opinion and order dated April 6, 2007, granting the motions for summary judgment filed by Bon–Ton, Inc., and by the Town of Newburgh and Officer Roger S. Roth in his individual capacity. *See Prowisor v. Bon–Ton, Inc.,* 426 F.Supp.2d 165 (S.D.N.Y.2006). We assume the parties' familiarity with the facts and procedural history of the case.

This Court reviews *de novo* the district court's grant of summary judgment, construing the evidence in the light most favorable to the nonmoving party. *Giordano v. City of N. Y.,* 274 F.3d 740, 746 (2d Cir.2001). Summary judgment is appropriate if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. Proc. 56(c).

█ The District Court properly granted summary judgment to Officer Roth and the Town of Newburgh. It is undisputed that Officer Roth arrested Prowisor for petit larceny after speaking to one of Bon–

Ton, Inc.'s security guards, Lloyd Rajcoomar, who claimed to have seen Prowisor conceal a pair of earmuffs in his jacket pocket. Because Officer Roth had no reason to doubt Rajcoomar's veracity, the information provided by Rajcoomar furnished Officer Roth with probable cause to make the arrest. *See Curley v. Vill. of Suffern*, 268 F.3d 65, 69–70 (2d Cir.2001) ("Probable cause exists when an officer has 'knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested.' When information is received from a putative victim or an eyewitness, probable cause exists, unless the circumstances raise doubt as to the person's veracity." (citations omitted)).

Because Officer Roth had probable cause to arrest Prowisor, we affirm the District Court's grant of summary judgment to Officer Roth on Prowisor's claims for false arrest, *see Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir.1995), and malicious prosecution, *see Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir.1997). Because Prowisor has failed to establish a constitutional violation, we also affirm the District Court's grant of summary judgment to the Town of Newburgh. *See Smith v. Edwards*, 175 F.3d 99, 107 (2d Cir.1999).

We affirm the District Court's grant of summary judgment to Bon–Ton, Inc. on the ground that its private security guards were not state actors for purposes of 42 U.S.C. § 1983. A plaintiff asserting a claim for violation of his constitutional rights under § 1983 must demonstrate that the challenged conduct constituted state action. *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir.2003); *see also Shirley v. State Nat'l Bank of Conn.*, 493 F.2d 739, 741 (2d Cir.1974) ("The 'under color of state law' provision in section 1983 is equivalent to the state action requirement of the Fourteenth Amendment."). Where the defendant is a private entity, the plaintiff must show that "there is 'such a close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Tancredi*, 316 F.3d at 312 (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295, 121 S.Ct. 924, 148 L.Ed.2d 807 (2001)). Prowisor has failed to make the requisite showing of nexus between the actions of the Bon–Ton security guards and the State.

For the foregoing reasons, the judgment of the District Court is AFFIRMED.