[915 NE2d 1165, 886 NYS2d 867]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAHEEM MAYO, Appellant.

Decided September 15, 2009

**APPEARANCES OF COUNSEL**

*Center for Appellate Litigation*, New York City (*Robert S. Dean* of counsel), for appellant.

*Robert M. Morgenthau, District Attorney*, New York City (*Justin K. Wechsler* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be affirmed. The evidence presented to the grand jury was legally sufficient to establish that defendant constructively possessed 96 glassine bags containing crack/cocaine recovered from underneath clothing on an apartment's bedroom floor. Specifically, there was evidence that when the police unexpectedly arrived at the apartment, defendant was getting dressed in the apartment's small 8 foot by 10 foot bedroom; that his 18-month-old child was present in the apartment; that a plastic bag containing 47 small glassine bags containing crack/cocaine was in plain view on the bedroom dresser; that the additional 96 glassine bags containing crack/cocaine recovered from the bedroom floor were packaged similarly to the drugs recovered from the dresser; and that defendant was in close proximity to the drugs on both the dresser and the floor. Further, the grand jury could have reasonably inferred that the drugs did not belong to the apartment's lessee by virtue of the fact that she volunteered the location of the additional drugs in a manner that prevented the defendant and his accomplice from overhearing. This evidence, considered together, made out a prima facie case that defendant exercised dominion and control over the contraband (*People v Manini*, 79 NY2d 561, 573-575 [1992]).

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order affirmed, in a memorandum.