■ ANA LAWSON, Respondent-Appellant, v CITY OF NEW YORK et al., Appellants-Respondents. [922 NYS2d 54]—

Order, Supreme Court, Bronx County (Lucy Billings, J.), entered April 5, 2010, which, in this action alleging, inter alia, false arrest, unlawful imprisonment and malicious prosecution, denied plaintiff's motion for partial summary judgment on the issue of liability and denied defendants' cross motion for summary judgment dismissing the complaint, unanimously modified, on the law, to grant the cross motion, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Defendant Police Department arrested plaintiff without a warrant and charged her with criminal possession of a controlled substance in the first and third degrees. Although the lack of a warrant raised a presumption of a lack of probable cause for her arrest and imprisonment (*see Broughton v State of New York*, 37 NY2d 451, 458 [1975], *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929 [1975]), defendants established that no triable issue of fact exists as to whether there was probable cause to arrest plaintiff, thereby providing a complete defense to plaintiff's claims (*see Arzeno v Mack*, 39

AD3d 341 [2007]; *Marrero v City of New York*, 33 AD3d 556, 557 [2006]). Defendants demonstrated that it was undisputed that the police identified plaintiff based on a reliable confidential informant; the police recovered narcotics and paraphernalia in an apartment bedroom near plaintiff's clothing and other possessions; and plaintiff admitted that she had been storing her belongings and staying in the apartment for days. Plaintiff's argument that she did not actually reside in the apartment does not demonstrate a lack of probable cause (*see People v Mayo*, 59 AD3d 250, 254-255 [2009], *affd* 13 NY3d 767 [2009]).

Furthermore, the subsequent indictment of plaintiff raised a presumption of probable cause for purposes of plaintiff's claims, and plaintiff failed to raise a triable issue of fact to rebut this presumption (*see Colon v City of New York*, 60 NY2d 78, 82-83 [1983]). The dismissal of the indictment upon the People's motion, based on the conclusion that the evidence against plaintiff was too weak to establish guilt beyond a reasonable doubt in light of her son's confession that he solely possessed and intended to sell the narcotics recovered by police, does not negate the finding of probable cause (*id.* at 84).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Sweeny, Moskowitz, Acosta and Manzanet-Daniels, JJ.