(November 13, 2012)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANDRA DIAZ, Appellant. [954 NYS2d 20]—

Judgment, Supreme Court, New York County (Michael R. Sonberg, J.), rendered July 20, 2010, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the seventh degree and four counts of unlawfully dealing with a child in the first degree, and sentencing her to concurrent terms of three years of probation, unanimously affirmed.

The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (*see People v Daniel-*

*son*, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the jury's credibility determinations. Although defendant's position was that the drugs and paraphernalia found in her apartment were solely attributable to the codefendant, the evidence supports the conclusion that defendant exercised dominion and control, at least jointly with the codefendant, over the contraband (*see e.g. People v Mayo*, 13 NY3d 767 [2009]; *People v Torres*, 68 NY2d 677, 679 [1986]).

The evidence also established the elements of first-degree unlawfully dealing with a child (*see* Penal Law § 260.20 [1]), including the element of "activity involving controlled substances." Defendant knew or should have known that a large amount of heroin and drug paraphernalia were in her apartment, where four children under the age of 18 lived.

The court properly permitted the People to introduce evidence on their rebuttal case that defendant knew that the term bundle referred to 10 glassines of heroin. This impeached defendant's testimony that she was unfamiliar with that term. The evidence was not collateral because it was relevant to an issue other than credibility and it was offered to disprove evidence set forth by defendant (*see People v Beavers*, 127 AD2d 138, 141 [1st Dept 1987], *lv denied* 70 NY2d 642 [1987]). The charges submitted to the jury included possession with intent to sell, and defendant's familiarity with the term bundle was relevant to intent, particularly since an expert witness testified that someone buying heroin for personal use would not purchase bundles of heroin.

The court also properly permitted the People to introduce evidence of ink stamps, a strainer, a spoon, and rubber bands, even though this paraphernalia was not the basis for the charges in the indictment. The paraphernalia in question was highly probative of defendant's and the jointly tried codefendant's intent to sell, and the People "were not bound to stop after presenting minimum evidence" (*People v Alvino*, 71 NY2d 233, 245 [1987]).

We perceive no basis for reducing the sentence.

Defendant's remaining contentions, including her untimely constitutional claim, are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. Evidence that defendant and the codefendant's daughter saw the codefendant with drugs on an unspecified date or dates was not hearsay. Although it should have been excluded because its prejudicial effect outweighed any probative value, the error was harmless. Defendant's other unpreserved claims are unavailing. Concur—Gonzalez, P.J., Saxe, Catterson, Acosta and Gische, JJ.