Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered November 29, 2012, which granted the motion of defendants City of New York, Police Officer John Florio and Detective Joseph Dietrich for summary judgment dismissing the complaint in its entirety, and denied plaintiffs cross motion for partial summary judgment on the issue of liability, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about September 19, 2008, denying plaintiff’s motion to extend his time to serve Sergeant Dello Iacono, Captain Raddy and Detective DeSimone, unanimously dismissed, without costs, as untimely.
Plaintiff failed to rebut the presumption of probable cause raised by the grand jury indictment (see Lawson v City of New York, 83 AD3d 609 [1st Dept 2011], lv dismissed 19 NY3d 952 [2012]; Jenkins v City of New York, 2 AD3d 291, 292 [1st Dept 2003]). The existence of probable cause constitutes a “complete defense” to plaintiffs claims of false arrest, false imprisonment, and malicious prosecution under state law (Lawson at 609) and his claim under 42 USC § 1983 (see Brown v City of New York, 289 AD2d 95 [1st Dept 2001]; Weyant v Okst, 101 F3d 845, 852 [2d Cir 1996]). Plaintiff failed to raise any triable issue of fact that the written and videotaped confessions which constituted the key evidence supporting the indictment were coerced (see *448 CPL 60.45 [2] [a], [b]; People v Hernandez, 25 AD3d 377, 378-379 [1st Dept 2006], lv denied 6 NY3d 834 [2006]; People v Lang, 226 AD2d 245 [1st Dept 1996], lv denied 88 NY2d 967 [1996]).
The motion court also correctly held that plaintiff failed to establish a claim for municipal liability under 42 USC § 1983 (see Monell v New York City Dept. of Social Servs., 436 US 658 [1978]). Plaintiff failed to establish any municipal pattern and practice sufficient to support such a claim, and failed to show that supervisory police officials were grossly negligent or otherwise acted with “deliberate indifference” to plaintiff’s rights (see Prowisor v Bon-Ton, Inc., 426 F Supp 2d 165, 174 [SD NY 2006], affd 232 Fed Appx 26 [2d Cir 2007]; Pendleton v City of New York, 44 AD3d 733 [2d Dept 2007]).
The motion court did not err in dismissing the complaint against defendants Dello Iacono, Raddy and DeSimone for failure to timely serve process (see CPLR 306-b), and against defendant Peters who had defaulted, on account of plaintiffs failure to timely move for a default judgment (see CPLR 3215 [c]). Plaintiffs appeal from the September 19, 2008 order denying his motion for an extension of time to effect service on those officers was not timely taken and is not properly before the Court.
We have considered plaintiffs remaining contentions and find them unavailing.
Concur — Saxe, J.P., Moskowitz, DeGrasse, Feinman and Clark, JJ.