People v Brown (2019 NY Slip Op 04189)





People v Brown


2019 NY Slip Op 04189


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2015-01356
 (Ind. No. 8990/11)

[*1]The People of the State of New York, respondent,
v
Trevor Brown, appellant.


Paul Skip Laisure, New York, NY (Anders Nelson and Michael Arthus of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Amy Appelbaum, and Arieh Schulman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Deborah Dowling, J.), rendered May 27, 2014, as amended July 24, 2014, convicting him of burglary in the first degree, robbery in the first degree, grand larceny in the third degree, and petit larceny, upon a jury verdict, and imposing sentence.
ORDERED that the judgment, as amended, is affirmed.
The defendant contends that he was deprived of a fair trial by the prosecutor's misconduct during cross-examination and summation. Any instances of prosecutorial misconduct during cross-examination and summation were not, either individually or collectively, so egregious as to deprive the defendant of a fair trial (see People v Pringle, 136 AD3d 1061, 1063; People v Cherry, 127 AD3d 879, 880). Moreover, any other error in this regard was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that any error contributed to the defendant's convictions (see People v Crimmins, 36 NY2d 230, 241-242; People v Velez, 164 AD3d 622).
Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in permitting the People to present rebuttal testimony (see CPL 260.30[7]). Although a witness may not be impeached with extrinsic evidence on a collateral issue (see People v Wise, 46 NY2d 321, 328), here, the rebuttal witness's testimony was relevant to the defense put forth by the defendant (see People v Morin, 146 AD3d 901, 902; People v Diaz, 100 AD3d 446, 447, affd 24 NY3d 1187).
CHAMBERS, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court