| Mateo v City of New York |
|---|
| 2024 NY Slip Op 33451(U) |
| October 1, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 156884/2020 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. HASA A. KINGO

*Justice*

PART       05M

-----------------------------------------------------------------------------------X

CHRISTOPHER R. MATEO,

INDEX NO.          156884/2020

MOTION DATE       04/22/2024

Plaintiff,

MOTION SEQ. NO.        002

- v -

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, NEW YORK CITY POLICE OFFICERS

**DECISION + ORDER ON
MOTION**

Defendant.

-----------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52

were read on this motion for                    SUMMARY JUDGMENT                    .

This matter comes before the court on a motion for summary judgment filed by Defendants, the City of New York ("City") and the New York City Police Department ("NYPD") (collectively "Defendants"), pursuant to CPLR § 3212, seeking dismissal of the claims asserted by Plaintiff Christopher Mateo ("Plaintiff"). Plaintiff brings claims of malicious prosecution, false arrest, civil rights violations under 42 U.S.C. § 1983, and negligent hiring, training, and supervision, among others. Defendants argue, *inter alia*, that Plaintiff's federal claims under § 1983 are procedurally barred, that there was probable cause for the arrest, and that the NYPD is not a suable entity. Plaintiff opposes the motion. For the reasons stated herein, the motion is granted.

## BACKGROUND

On March 23, 209, Plaintiff was arrested at Mamajuana Café, a restaurant with a lounge located at 247 Dyckman Street, New York, New York (NYSCEF Doc No. 27, Statement of Material Facts ¶ 1). Prior to the arrest, Plaintiff argued with and then punched the complaining witness, identified by the City as S.A. (*id*. ¶¶ 3-5). S.A. was knocked to the ground and the restaurant's security responded, asking Plaintiff to leave (*id*. ¶¶ 5, 7). Plaintiff concedes he threw the first punch in the incident, but contends it was in self-defense because "he thought the man was going to swing at him first" (NYSCEF Doc No. 51, Counter Statement of Material Facts ¶ 6). NYPD officers Stabile, Perez, and Ramos responded to a call about an assault in progress at the restaurant (*id*. ¶ 11). Plaintiff encountered the police as he was leaving the restaurant (*id*. ¶ 9). Plaintiff told the officers that he hit S.A. in self-defense and told them to view the restaurant's camera footage (*id*. ¶ 13). The officers spoke to the complaining witness, who advised them that he did not know who had hit him, but he was struck in the face by an unknown male, causing him to hit his head on the floor which resulted in a one in laceration to the back of his head, causing pain and injuries (*id*. ¶ 15). S.A. was then removed to the hospital (*id*.). The officers then reviewed security footage of the incident, which showed Plaintiff punching S.A., and placed Plaintiff under

**156884/2020   MATEO, CHRISTOPHER R. vs. CITY OF NEW YORK**
**Motion No.  002**

Page 1 of 5

arrest (*id*. ¶¶ 16-17). A gravity knife was recovered from Plaintiff in a search performed after he was arrested (*id*. ¶ 18). Plaintiff was arraigned and charged with assault in the 3rd Degree and Criminal Possession of a Weapon in the 3rd Degree (*id*. ¶ 21). The case was dismissed on May 30, 2019 (*id*. ¶ 22).

Plaintiff then filed a notice of claim and commenced this action by filing a summons and complaint on August 28, 2020 (NYSCEF Doc No. 1). Issue was joined when the City filed an answer on October 28, 2020, on behalf of itself and the NYPD (NYSCEF Doc No. 5). The complaint interposes causes of action for (1) malicious prosecution, (2) false arrest, (3) civil rights violations under 42 U.S.C. § 1983, (4) *respondeat* superior, (5) failure to provide adequate training and supervision, (6) failure to supervise. The City now moves pursuant to CPLR §§ 3212 and 3211 for summary judgment and to dismiss all causes of action. Plaintiff opposes.

## ARGUMENTS

In support of the motion, the City argues that (i) Plaintiff's federal causes of action asserted under 42 U.S.C. § 1983 must be dismissed because Plaintiff failed to name an individual officers in the complaint and the statute of limitations has expired and because these causes of action cannot proceed under a theory of *respondeat* superior, (ii) that the cause of action for negligent hiring, training, and retention must be dismissed because defendants were acting within the scope of their employment, (iii) the *Monell* claims are insufficiently plead, (iv) the causes of action for constitutional violations must be dismissed because alternate remedies are available, (v) the causes of action for false arrest and false imprisonment fail because there was probable cause for the arrest and prosecution, (vi) causes of action against Doe defendants are time-barred, and (vii) the NYPD is a non-suable entity.

Plaintiff opposes the motion and asserts that the City's submissions raise triable issues of fact. Relying on *Wiggins v. City of New York* (201 AD3d 22 [1st Dept 2021]), Plaintiff argues extensively that the failure to name individual officers is not fatal to the 1983 claims. Plaintiff also argues that the NYPD did not have probable cause for the arrest because they never spoke to Plaintiff prior to arresting him and because he felt threatened by S.A. and acted in self-defense when he struck him. Finally, Plaintiff contends that the *Monell* claims are adequately pleaded.

## DISCUSSION

In order to prevail on a motion for summary judgment, the proponent must make a prima facie showing of entitlement to judgment as a matter of law, through admissible evidence demonstrating the absence of any material issue of fact (*Ayotte v. Gervasio*, 81 NY2d 1062 [1993]). Once the moving party has satisfied these standards, the burden shifts to the opponent to rebut that prima facie showing, by producing contrary evidence in admissible form sufficient to require a trial of material factual issues (*Amatulli v. Delhi Constr. Corp.*, 77 NY2d 525 [1999]).

Summary judgment is a drastic remedy. Therefore, the court's function on a motion for summary judgment is issue finding rather than issue determination (*Stillman v Twentieth Century Fox Film Corp.*, 3 NY2d 395 [1957]). Since summary judgment is a drastic remedy, it should not be granted where there is any doubt as to the existence of a triable issue (*Rotuba Extruders v*

[* 2]

*Ceppos*, 46 NY2d 223 [1978]). The burden on the movant is a heavy one, and the facts must be viewed in the light most favorable to the non-moving party (*Jacobsen v New York City Health & Hosps. Corp.*, 22 NY3d 824 [2014]).

Likewise, on a motion to dismiss for failure to state a cause of action under CPLR §3211 (a)(7), courts afford the pleadings a liberal construction, accept the facts as alleged in the complaint as true, and give the plaintiff the benefit of every possible favorable inference. (*Leon v Martinez*, 84 NY2d 83, 87 [1994]; *JF Capital Advisors, LLC v Lightstone Group*, LLC, 25 NY3d 759, 764 [2015].) Ordinarily, the court's inquiry is limited to assessing the legal sufficiency of the plaintiff's pleadings (*JF Capital Advisors*, 25 NY3d at 764, *supra*). However, where the complaint consists of bare legal conclusions with no factual specificity (*Godfrey v Spano*, 13 NY3d 358, 373 [2009]) or where the statements in a pleading are not sufficiently particular to give the court and parties notice of the transactions and/or occurrences intended to be proven (CPLR §3013; *Mid-Hudson Val. Fed. Credit Union v Quartararo & Lois, PLLC*, 31 NY3d 1090, 1091 [2018]), the motion to dismiss should be granted. Indeed, "allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration" (*Garber v Board of Trustees of State Univ. of NY*, 38 AD3d 833, 834 [2d Dept 2007], *quoting Maas v Cornell* Univ., 94 NY2d 87, 91 [1999]).

Here, at the outset, the court observes that the allegations set forth in the complaint are pleaded in a cursory manner and the causes of action are not labeled. It is difficult to discern several of the causes of action. In particular, the fourth cause of action appears to be for *respondeat superior*, but this is unclear as it also pleads language associated with false arrest and malicious prosecution.

## I.      NYPD as a Non-Suable Entity

Notwithstanding these deficiencies, at the outset, the court finds that the NYPD is a non-suable entity pursuant to Chapter 17, section 396 of the New York City Charter and that the complaint must be dismissed as against the NYPD accordingly (*Troy v City of New York*, 160 AD3d 410, 411 [1st Dept 2018]).

## II.     Civil Rights Claims Under 42 U.S.C. § 1983

Next, Defendants have set for a prima facie showing that Plaintiff's § 1983 claims are fatally flawed. Indeed, when it comes to the 1983 claims, 42 U.S.C. §1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured" (42 U.S.C. § 1983). Individuals may be liable under 42 U.S.C. § 1983 for their own actions, but local governments are only responsible for "their *own* illegal acts" (*Connick v Thompson*, 563 US 51, 60 [2011]). Liability may only be imposed on the City for its own alleged violations of a plaintiff's constitutional rights by establishing a direct causal link between a municipal policy or custom and the alleged constitutional deprivation" (*Holland*, 90 AD3d at 847, citing *Canton v Harris*, 489 US 378, 385 [1989]; *Connick*, 563 US 51 [2011]; *Monell v New York City Dept. of*

*Social Servs.*, 436 US 658, 694 [1978]). Whereas there are no individually named defendants in this action, Plaintiff may only proceed under 42 U.S.C. §1983 with a *Monell* claim.[1]

Indeed, the failure to name individual defendants in the complaint is a significant defect. Personal involvement of the defendants in the alleged constitutional violations is a necessary element of a § 1983 claim. Plaintiff's reliance on *Wiggins v. City of New* York (201 AD 3d 22 [1st Dept 2021])*,* is misplaced because *Wiggins* addresses whether individuals must be named in the notice of claim, not the complaint.

To establish a *Monell* cause of action, a plaintiff must demonstrate the existence of: "(1) a formal policy, (2) actions or decisions made by policymakers that resulted in the violation of plaintiff's rights, (3) a practice so persistent and widespread that it constitutes a 'custom or usage,' or (4) a failure to properly train or supervise municipal employees" (*Boddie v City of New York*, 2016 WL 1466555, *4 [SDNY April 13, 2016, No. 1:15-CV-4275-GHW], *citing Moray v City of Yonkers*, 924 F Supp 8, 12 [SDNY 1996]; *see also Holland v City of New York*, 90 AD3d 841, 847 [2d Dept 2011]["The plaintiff must show that the action alleged to be unconstitutional either implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the body's officers, or has occurred pursuant to a practice so permanent and well-settled as to constitute a custom or usage with the force of law"][internal citations omitted]).

To establish liability under a theory of failure to train, a plaintiff must "identify a specific deficiency in the city's training program and show that the deficiency is closely related to the ultimate injury, such that it actually caused the constitutional deprivation" (*Amnesty Am. v Town of W. Hartford*, 361 F3d 113, 130 [2d Cir 2004], *citing City of Canton*, 489 US 378, 390-391 [1989]).

Here, Defendants have adequately set for that Plaintiff's complaint contains only conclusory allegations that "Defendants conspired to violate Plaintiff's statutory civil rights in violation of 42 U.S.C. § 1983"; that the City and NYPD's "failure to provide adequate training and supervision to DOE [sic] constitutes a willful and wanton indifference and deliberate disregard for human life and the rights of private citizens, including Plaintiff"; and that the City and NYPD "maintained a system of police conduct which was so untimely and cursory that it was ineffective and permitted and tolerated the unreasonable detention of Plaintiff" (NYSCEF Doc No. 1, complaint ¶¶ 28, 37, 39).

These allegations are insufficient to support a *Monell* claim under 42 U.S.C. § 1983, as they fail to allege specific facts demonstrating the existence of any formal policy, custom, or practice. Instead, they merely offer conclusory statements, which are insufficient to survive a motion for summary judgment (*Ashcroft v Iqbal*, 556 U.S. 662 [2009]). Accordingly, summary judgment is granted, and Plaintiff's *Monell* claim is dismissed.

### III.    False Arrest and Malicious Prosecution Claims

For the purposes of false arrest and malicious prosecution, here Defendants have made a prima facie showing that the arrest was privileged because it was supported by probable cause (*De*

---

[1] Plaintiff conceded this point at oral argument before the court on October 1, 2024.

**156884/2020   MATEO, CHRISTOPHER R. vs. CITY OF NEW YORK**                                        **Page 4 of 5**
**Motion No.  002**

*Lourdes Torres v Jones*, 26 NY3d 742, 759 [2016] ["For purposes of the privilege element of a false arrest and imprisonment claim, an act of confinement is privileged if it stems from a lawful arrest supported by probable cause"]; *Lawson v City of New York*, 83 AD 3d 609 [1st Dept 2011] [existence of probable cause constitutes a complete defense to a claim of malicious prosecution]). Indeed, the statement of the complaining witness and the restaurant video footage provided sufficient probable cause to arrest Plaintiff. Self-defense is an affirmative defense available at trial but does not negate probable cause for an arrest (Penal Law § 35.15; *People v Petty*, 7 NY3d 277 [2006]). The defense is also not available where the actor was the initial aggressor and did not attempt to withdraw from the encounter (*id.*; *People v Petty*, 7 NY3d 277 at 285). Likewise, the evidence that supported the arrest and Plaintiff's possession of a gravity knife also constituted probable cause for the prosecution. Additionally, there is no evidence of malice, a required element for malicious prosecution (*Broughton v. State*, 37 NY2d 451 [1975]). Accordingly, Plaintiff has failed to rebut Defendants' prima facie showing and Plaintiff's false arrest and malicious prosecution claims are dismissed.

## IV. Negligent Hiring, Training, and Retention

Plaintiff's claim for negligent hiring, training, and retention must also be dismissed. "[W]here an employee is acting within the scope of his or her employment, thereby rendering the employer liable for any damages caused by the employee's negligence under a theory of *respondeat superior*, no claim may proceed against the employer for negligent hiring or retention" (*Karoon v New York City Transit Auth.*, 241 AD2d 323, 324 [1st Dept 1997]). Here, Defendants have agreed that the officers were acting within the scope of their employment, and thus, this claim must fail. To the extent that Plaintiff asserts a cause of action for constitutional violations, New York courts only infer a private right of action under the state constitution when no alternative remedy is available (*Martinez v City of Schenectady*, 97 NY2d 78, 83 [2001] [Constitutional cause of action only available where "necessary and appropriate to ensure the full realization of the rights they state"]). As that is not the case here, Plaintiff has failed to set forth any triable issues of fact to disturb Defendants' prima facie showing that they are entitled to dismissal of Plaintiff's claim for negligent hiring, training, and retention. Accordingly, it is hereby

ORDERED that Defendants' motion is granted in its entirety; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment in Defendants' favor and dismissing this case in its entirety accordingly.

This constitutes the decision and order of the court.

20241001121620HKING0370125A75444E8F83203A65D62D2180

__10/1/2024__
**DATE**

_____
**HASA A. KINGO, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |