■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE NICHOLS, Also Known as JAMES NICHOLS, Appellant.— Judgment of the Supreme Court, New York County (Thomas B. Galligan, J.), rendered January 6, 1988, convicting defendant, upon his plea of guilty, of robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of from 7½ to 15 years, is unanimously affirmed.

The police had reasonable grounds to make inquiry of the defendant, after observing him and another male chasing the complainant, at approximately 4 o'clock in the morning in a high-crime area. The minimal intrusion of the police officer, in approaching defendant and asking him what was going on, was permissible, since there was an "objective credible reason for that interference not necessarily indicative of criminality" (People v De Bour, 40 NY2d 210, 223). Even if there had been interference by the police with the defendant's freedom of movement, to gain explanatory information, there was the

requisite "founded suspicion that criminal activity is afoot" which would have permitted such a greater intrusion *(People v De Bour, supra,* at 223).

The defendant's claim that the officer placed the defendant under arrest at the direction of an informant of unknown reliability is also without merit. "Unlike a paid or anonymous informant, an eyewitness-victim of a crime can provide probable cause for the arrest of his assailant despite the fact that his reliability has not been previously established or his information corroborated * * *. In fact, an accusation against a specific individual from an identified citizen is presumed reliable" *(People v Gonzalez,* 138 AD2d 622, 623).

We find, further, that the court did not abuse its discretion in sentencing defendant in accordance with the plea agreement. Defendant pleaded guilty to robbery in the second degree with the understanding the plea would be reduced to attempted robbery in the second degree only if he returned to court for sentencing. The court explicitly cautioned defendant he would be sentenced to a term of up to 15 years if he failed to comply with the plea bargain. Thereafter, defendant was arrested for trespass and possession of cocaine, and gave police a false name. Subsequently, defendant was arrested in Kings County on weapon and attempted robbery charges, and returned to court involuntarily for sentencing. The facts of the crime, defendant's violent criminal history, and his attendant failure to honor the terms of the bargain all warranted the imposition of the sentence herein. Concur—Kupferman, J. P., Ross, Asch, Kassal and Smith, JJ.