■ PENSEE ASSOCIATES, LTD., Appellant, v QUON SHIH-SHONG et al., Respondents. [605 NYS2d 35] —Order, Supreme Court, New York County (Myriam Altman, J.), entered July 22, 1993, which granted the motion pursuant to CPLR 3025 (b)

by the Wolfberg defendants to amend their verified answer to withdraw all admissions of agency, and order of the same court and Justice, also entered on July 22, 1993, which granted plaintiff's motion for reargument only to the extent of declaring a mistrial, and otherwise adhered to the court's prior determination, unanimously affirmed, with costs.

It is axiomatic that leave to amend pleadings should be freely given (CPLR 3025 [b]), that the determination of whether to allow or disallow the amendment is committed to the court's discretion (*Murray v City of New York*, 43 NY2d 400, 404-405), and that in the absence of surprise or prejudice, it is an abuse of discretion, as a matter of law, for the trial court to deny leave to amend an answer during or even after trial (*McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp.*, 59 NY2d 755, 757; *see also, supra*, at 405).

We find that the IAS Court did not abuse its discretion in permitting the Wolfberg defendants to amend their verified answer, on the eve of trial, to withdraw their prior admission therein that the Quon defendants had acted as the plaintiff's agent in the sales transactions which formed the basis for the underlying action, where, as here, the requested amendment was only sought, and the agency relationship only became central to the defendants' case, as a direct result of the plaintiff's recent attempt to pursue a new claim, not properly pleaded in its complaint, for knowing participation in the breach of a fiduciary duty.

We have reviewed the plaintiff's remaining claims and find them to be without merit. Concur—Sullivan, J. P., Carro, Wallach and Asch, JJ.