■ NATHANIEL DRAYTON, Respondent, v CITY OF NEW YORK, Appellant. [739 NYS2d 44] —Judgment, Supreme Court, New York County (Donna Mills, J.), entered November 22, 2000, which, upon a jury verdict, awarded plaintiff damages for false arrest in the principal amount of $27,000, unanimously reversed, on the law, without costs, defendant's motion to set aside the verdict granted and the complaint dismissed. The clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Plaintiff sued the City for false arrest, alleging that he was unlawfully arrested and charged with assault in the second degree and criminal possession of a weapon in the fourth degree. These charges subsequently were dismissed on the People's motion. The underlying charges had arisen out of an altercation between plaintiff, who managed real property for his aunt, and the complainant, Evan Smith, whose girlfriend resided in one of the apartments. At the civil trial, plaintiff testified that the acrimonious relationship between Smith and his girlfriend led plaintiff to inform them they would have to leave. Plaintiff claimed Smith pushed him and the two had a physical altercation near the stairwell. Smith fell down the stairs. Plaintiff saw blood and heard Smith's head bang against the marble. Smith then left the premises and was not seen again by plaintiff, but he apparently went to a hospital and shortly after filed a criminal complaint alleging that plaintiff had hit him in the head with a pipe. The responding officer testified that he contacted plaintiff, gave him sufficient time to consult with counsel, and later arrested him. Although plaintiff apparently explained what had occurred, nevertheless the officer responded to the complaint and, viewed Smith's head injuries. The parties stipulated to the fact of Smith's admission to the hospital shortly after the altercation and that he was treated for a laceration. The City's motion for a directed verdict on the basis that plaintiff had failed to establish a prima facie case and that the weight of the evidence did not support a claim of false arrest was denied. After the verdict was rendered, the City moved to set it aside on similar grounds, which also was denied. This was error.

The dispositive issue is whether there was probable cause for the arrest (*cf.*, *Smith v County of Nassau*, 34 NY2d 18, 23; *Broughton v State of New York*, 37 NY2d 451, *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929) defined as "such grounds as would induce an ordinarily prudent and cautious person, under the circumstances, to believe that plaintiff had committed the [crime]" (*Smith, supra* at 25). Viewing the essential facts in plaintiff's favor, it is undisputed here that the complainant was injured, that the visible injuries to complainant's head required 27 stitches, that the injuries resulted from an altercation with plaintiff, and that complainant filed a criminal complaint in which he alleged plaintiff had hit him over the head with a pipe, which provided probable cause for the arrest (*Kramer v City of New York*, 173 AD2d 155, *lv denied* 78 NY2d 857; *People v Nichols*, 156 AD2d 129, *lv denied* 76 NY2d 740; *compare, Smith, supra*; *compare, also, Malone v City of Glens Falls*, 251 AD2d 838), notwithstanding plaintiff's exculpatory explanation to responding police (*Coleman v City of New York*, 182 AD2d 200, 204-205). Finally, the grant of leave to the City, allowing it to amend its pleadings to interpose an affirmative defense of justification as against a claim of malicious prosecution, was an appropriate exercise of the trial court's discretion (*Pensee Assoc. v Quon Shih-Shong*, 199 AD2d 73), especially regarding this affirmative defense (*Sindle v New York City Tr. Auth.*, 33 NY2d 293). Concur—Nardelli, J.P., Tom, Andrias, Rubin and Buckley, JJ.