■ CLARENCE JENKINS, Appellant, v CITY OF NEW YORK et al., Respondents. [770 NYS2d 22]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered on or about September 10, 2002, which, to the extent appealed from as limited by plaintiff's briefs, granted defendant City's motion for summary judgment dismissing the causes of action alleging false arrest, false imprisonment and malicious prosecution, unanimously affirmed, without costs.

There was probable cause for plaintiff's arrest, which requires a showing of "such grounds as would induce an ordinarily prudent and cautious person, under the circumstances, to believe that [the subject] had committed the [crime]" (*Smith v County of Nassau*, 34 NY2d 18, 25 [1974]). Accepting plaintiff's statements as true, as we must on defendant's motion for summary judgment (*Henderson v City of New York*, 178 AD2d 129, 130 [1991]), probable cause was established by the undisputed essential facts that the complainant was seriously injured when he was stabbed by plaintiff several times with an awl (which plaintiff carried for protection) during the course of an altercation, and that the complainant charged that plaintiff was the aggressor (*see Drayton v City of New York*, 292 AD2d 182, 183 [2002], *lv denied* 98 NY2d 604 [2002]). What is required is not "proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been . . . committed" (*People v Bigelow*, 66 NY2d 417, 423 [1985], quoted in *Shapiro v County of Nassau*, 202 AD2d 358 [1994], *lv denied* 83 NY2d 760 [1994]).

Plaintiff's indictment for assault created a presumption of probable cause for his arrest and detention, which may be overcome only by evidence establishing that the police witness misrepresented or falsified evidence before the grand jury (*see Colon v City of New York*, 60 NY2d 78, 82-83 [1983]). Under the circumstances at bar, and considering the evidence which plaintiff alleges was withheld, the undisputed remaining facts were sufficient to procure the underlying criminal indictment. Despite plaintiff's subsequent acquittal, there was nonetheless probable cause for the arresting officers' actions (*see Quigley v City of Auburn*, 267 AD2d 978, 980 [1999]).

The presence of probable cause, as well as the failure to demonstrate actual malice on the part of the arresting officers, is also fatal to plaintiff's cause of action for malicious prosecution (*Shapiro v County of Nassau, supra*). Concur—Nardelli, J.P., Tom, Andrias, Rosenberger and Friedman, JJ.