Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered April 13, 2007, which, in this action for malicious prosecution and abuse of process, inter alia, granted defendants’ motions for summary judgment dismissing the complaint, unanimously affirmed, with costs.
Plaintiffs purchase produce from growers to sell to wholesalers and retailers; defendants Agri-Empire (Agri) and Horwath & Co., Inc. are growers. In the fall of 1999, following a joint investigation (Operation Forbidden Fruit) by the United States Department of Agriculture (USDA) and the FBI, nine USDA fruit and vegetable inspectors pleaded guilty to taking bribes from employees of various produce purchasers operating in the Hunts Point Market in the Bronx. In return for the money, they agreed to downgrade the quality rating of the produce received by the wholesalers, which resulted in lower prices paid to the growers. Among the purchasers’ employees implicated in the investigation was Anthony Spinale, who was charged with nine counts of making cash payments to an inspector to influence the outcome of inspections of fresh fruit and vegetables conducted at both plaintiffs’ businesses. Spinale pleaded guilty to one felony count in the US District Court for the Southern *267 District of New York, and was sentenced to five years’ probation, 12 months’ home confinement and a $30,000 fine.
Shortly after the inspectors were arrested, the USDA notified growers and their associations that they may have been victims of the bribery scheme. By mid-2001, after filing informal complaints, Agri and Horwath each had filed a formal complaint with the USDA seeking reparations pursuant to the Perishable Agricultural Commodities Act, 1930 (PACA) (7 USC § 499a et seq.), and, in 2002, by order of the Secretary of Agriculture, they were awarded reparations in the sums of $8,263 and $3,880.50, against plaintiffs G & T and Tray-Wrap, respectively, plus interest and filing fees. Plaintiffs appealed the reparations awards to the federal court. Ultimately, Agri and Horwath agreed to dismiss their reparations complaints and vacatur of the reparations awards.
In June 2003, the USDA filed an administrative complaint against plaintiffs for violating PACA by Spinale’s acts of bribery in 1999. Although the complaint was dismissed following a hearing before an administrative law judge, a judicial officer reversed that decision and revoked plaintiffs’ PACA licenses, and the US Court of Appeals for the Second Circuit affirmed (G & T Term. Packaging Co., Inc. v United States Dept. of Agric., 468 F3d 86, 88 [2d Cir 2006], cert denied 552 US —, 128 S Ct 355 [2007]).
Plaintiffs commenced the instant action shortly after the federal actions based on Agri’s and Horwath’s reparations complaints were dismissed pursuant to stipulation.
To establish a cause of action for malicious prosecution, a plaintiff must show the elements of commencement or continuation of a judicial proceeding, malice, want of probable cause, and the successful termination of the precedent action in the plaintiffs favor (see Martin v City of Albany, 42 NY2d 13, 16 [1977]; Ellman v McCarty, 70 AD2d 150, 155 [1979]; see also Chappelle v Gross, 26 AD2d 340, 341 [1966]). In their opposition to defendants’ motions for summary judgment, plaintiffs attempted to raise factual issues as to probable cause and malice. However, they pointed to issues, such as the quality of the produce, that were relevant to the proceedings before the USDA, but not to the instant action. Moreover, contrary to their contention, the indictment of Anthony Spinale constituted probable cause for Agri and Horwath to file their complaints with the USDA (see Jenkins v City of New York, 2 AD3d 291 [2003]; see also Koam Produce, Inc. v DiMare Homestead, Inc., 329 F3d 123 [2d Cir 2003]; G & T Term. Packaging, 468 F3d 86 [2006]). In any event, the proceedings outlined above did not end in *268 plaintiffs’ favor (see Levy’s Store, Inc. v Endicott-Johnson Corp., 272 NY 155, 162 [1936]).
As to their abuse of process cause of action, plaintiffs failed to raise an issue of fact as to defendants’ “intent to do harm without excuse or justification” or “use of the process in a perverted manner to obtain a collateral objective” (Curiano v Suozzi, 63 NY2d 113, 116 [1984]).
Finally, in considering Spinale’s affidavit, the motion court correctly subjected it to severe scrutiny in light of his conviction for an act of dishonesty and untrustworthiness (see People v Hodge, 141 AD2d 843, 846 [1988], lv denied 72 NY2d 1046 [1988]). Concur—Andrias, J.E, Saxe, Gonzalez, Catterson and Acosta, JJ.