*292 Judgment, Supreme Court, Bronx County (Alan J. Saks, J.), entered on or about March 30, 2006, which, upon the prior grant of defendant’s motion for a directed verdict, dismissed the complaint, unanimously affirmed, without costs.
Plaintiff did not establish a prima facie case of either false arrest or malicious prosecution. We reject plaintiff’s argument that, in dismissing these claims, the trial court resolved issues of credibility or competing inferences.
On the morning of February 5, 1997, while executing a search warrant at a Bronx apartment, New York Police Department Captain Timothy Galvin was shot in the face by an assailant who escaped. The investigation initially focused on the occupant of the apartment. Another officer at the scene, Detective John Capobianco, gave a description of the assailant that matched the apartment’s occupant, and the detective identified that person at a showup. However, the initial suspect had a well-documented alibi, and the police turned their attention to plaintiff. Following an investigation, the police arrested plaintiff for the shooting. Before the grand jury, Capobianco gave a description of the gunman that matched plaintiff and was different from his original description, which had matched the initial suspect. Captain Galvin, who had initially stated that he was unable to identify the person who shot him, also provided a description of his assailant before the grand jury that matched plaintiff. None of the evidence relating to the investigation of the initial suspect or of Capobianco’s and Galvin’s inconsistent identifications of the assailant was brought out before the grand jury. Plaintiff was indicted, but he was ultimately acquitted of all charges at trial.
With respect to the false arrest claim, even though the arrest was warrantless, defendant successfully rebutted the presumption that it lacked probable cause to arrest plaintiff (see Smith v County of Nassau, 34 NY2d 18, 23 [1974]). There was more than enough to establish probable cause (see generally Spinelli v United States, 393 US 410 [1969]; Aguilar v Texas, 378 US 108 [1964]). Prior to the arrest, the police had information from several persons that plaintiff had confessed to the shooting, as well as evidence that someone had left messages on the initial *293 suspect’s answering machine looking for plaintiff, and a photo identification of plaintiff made by a neighbor who saw plaintiff get off the elevator, moments before the shooting, on the floor where the shooting occurred. Accordingly, the undisputed facts established probable cause as a matter of law (see Agront v City of New York, 294 AD2d 189, 190 [2002]).
With respect to plaintiffs malicious prosecution claim, there was probable cause to continue the criminal proceeding. Plaintiffs indictment created a presumption of probable cause for his continued prosecution and pretrial detention, which plaintiff failed to overcome by evidence of misrepresentation or falsification of evidence before the grand jury (see Jenkins v City of New York, 2 AD3d 291, 292 [2003]). We reject plaintiffs argument that the prosecutor procured the indictment by fraud or suppression of evidence by failing to disclose to the grand jury any information about the initial pursuit of the apartment’s occupant as the prime suspect of the shooting and the changed descriptions made by Capobianco and Galvin following plaintiffs arrest. Even accepting plaintiffs claims as true, the misconduct complained of does not rise to the level of an egregious deviation from statutory requirements or accepted practices applicable in criminal cases (see Gisondi v Town of Harrison, 72 NY2d 280, 285 [1988]). Indeed, there is no requirement that the prosecution disclose to the grand jury all the evidence in its possession that is favorable to the accused even though such information undeniably would allow the grand jury to make a more informed determination (see People v Lancaster, 69 NY2d 20, 25-26 [1986], cert denied 480 US 922 [1987]). Moreover, even without Capobianco’s and Galvin’s testimony, the grand jury had sufficient evidence to indict plaintiff (see Jenkins, 2 AD3d at 292). By itself, the grand jury testimony of a person to whom plaintiff confessed provided sufficient evidence of plaintiff’s culpability to warrant an indictment (see CPL 190.65 [1]), even if the grand jury had also determined that Capobianco and Galvin had tailored their descriptions of the gunman to match plaintiff. Accordingly, as the undisputed facts demonstrated that the trial jury could not, by any rational process, have found in favor of plaintiff on either claim, the court was justified in taking both claims from the jury and directing a verdict in defendant’s favor.
We have considered plaintiffs remaining contentions and find them unavailing. Concur—Lippman, PJ., Sweeny, Catterson and Acosta, JJ.