Ness Tech. SARL v Pactera Tech. Intl. Ltd. (2020 NY Slip Op 01310)





Ness Tech. SARL v Pactera Tech. Intl. Ltd.


2020 NY Slip Op 01310


Decided on February 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 25, 2020

Renwick, J.P., Mazzarelli, Moulton, González, JJ.


11138N 657241/17

[*1] Ness Technologies SARL, et al., Plaintiffs-Respondents,
v
Pactera Technology International Limited, Defendant-Appellant, John Does 1-10, inclusive, Defendants.


O'Melveny & Myers LLP, New York (Allen W. Burton of counsel), for appellant.
Sheppard, Mullin, Richter & Hampton LLP, New York (Daniel L. Brown of counsel), for respondents.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered October 3, 2019, which denied defendant Pactera Technology International Limited's motion for leave to amend its answer to add an affirmative defense and counterclaims, unanimously affirmed, without costs.
The motion court did not abuse its discretion in denying leave to amend. Defendant failed to explain why it waited until the brink of the discovery deadline to file its motion, and why it did not move by order to show cause or otherwise convey in a timely fashion the "emergency" that arose when it realized that plaintiffs' belated document production contained previously unknown admissions that formed the basis for the counterclaims. While defendant claims that it acted as soon as possible after its receipt of the 100,000-plus documents, the motion court reasonably concluded that the last-minute nature of the production could have been avoided by defendant, which did not move to compel more prompt production of the documents, which it admits it had sought since February 2018. Moreover, defendant's June 14, 2019 letter to the court primarily addressed plaintiff's failure to produce discovery substantiating its own damages claims, rather than the documents that it now claims support the proposed counterclaims.
Further, defendant's proposed new allegations — against plaintiff and two new defendants as well as other potentially relevant individuals implicated by the allegations — would inevitably entail substantial discovery and resulting delays. While CPLR 3025(b) motions may be granted at any time during the pendency of an acion (see Prote Contr. Co. v Board of Educ. of City of N.Y. [Livingston High School] , 249 AD2d 178 [1st Dept 1998]; Pensee Assoc. v Quon Shih-Shong , 199 AD2d 73 [1st Dept 1993]), defendant's explanation for the timing of its motion, combined with the scope of the proposed amendments, fails to show that the court, which anticipated not being able to try the case
until 2021, was not reasonably concerned about the delay the new issues would generate.
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 25, 2020
CLERK