| **Aponsah v City of New York** |
|:---:|
| 2025 NY Slip Op 31203(U) |
| April 9, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 450857/2020 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:   **HON. HASA A. KINGO**                              PART _____05M_____

*Justice*

-----------------------------------------------------------------------------------X

LADYPEARL APONSAH, AISHA LLEWELLYN,

                    Plaintiff,

          - v -

CITY OF NEW YORK, POLICE OFFICER DELWYN DAVIS,
POLICE OFFICER JOHN DOE

                 Defendant.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 450857/2020 |
| MOT. SEQ. NO. | **003** |

**DECISION + ORDER ON MOTION**

The following papers in NYSCEF, ____84-115____ , were read on this application for ____DISMISSAL____

| | No(s) | |
|---|---|---|
| Notice of Motion, Statement of Martial Facts, Affirmation in Support – Exhibits A-O | No(s) | 84-104 |
| Affirmation in Opposition – Exhibits A-D ……………………………………………. | No(s) | 105-114 |
| Reply Affirmation ……………………………………………….……………………… | No(s) | 115 |

       Before the court is Defendants' motion for summary judgment and dismissal pursuant to CPLR §§ 3211(a)(7) and 3212, seeking (i) dismissal of Plaintiffs Ladypearl Aponsah and Aisha Llewellyn ("Plaintiffs") claims for false arrest and false imprisonment under state and federal law, including claims arising under the Fourth and Fourteenth Amendments; (ii) dismissal or summary judgment dismissing Plaintiffs' *Monell* liability claim against the City of New York; (iii) dismissal of Plaintiffs' claims under the New York State Constitution as duplicative; (iv) dismissal or summary judgment dismissing Plaintiffs' claims for malicious prosecution under state and federal law (42 U.S.C. § 1983); (v) dismissal of Plaintiffs' claim for negligent hiring, training, and retention; and (vi) dismissal or summary judgment dismissing Plaintiffs' excessive force and assault and battery claims.

       Plaintiffs vigorously oppose Defendants' motion for summary judgment as to their claims for false arrest, false imprisonment, malicious prosecution, negligent hiring, training, and retention, and excessive force and assault and battery. While Defendants contend that the record establishes undisputed facts supporting the existence of probable cause and that certain constitutional claims are duplicative, the court finds that resolute factual conflicts—particularly those pertaining to the investigation's integrity, the credibility of key witness testimony, and the multifaceted nature of the alleged misconduct—preclude dispositive ruling on numerous claims. However, after a careful review, the court dismisses the *Monell*, negligent hiring, training, and retention and state constitutional claims as legally insufficient.

Page **1** of **8**

[* 1]

**450857/2020 Ladypearl Aponsah *et al* - v. - City of New York *et al*.  Motion No. 003**

## BACKGROUND AND PROCEDURAL HISTORY

The controversy arises out of events allegedly occurring on or about December 20, 2016, at or near 240 Mount Hope Place in the Bronx. Plaintiffs, serving as home health care attendants for Alvita Home Care, were implicated in an investigation that stemmed from a report involving a series of unauthorized financial transactions. According to the record, a complaint was initially filed by a concerned family member—Shelley McTee ("McTee")—alleging that attempts were made to cash checks totaling approximately $30,000. These checks, purportedly signed by Robert Wheeler ("Wheeler"), a key individual within the disputed financial affairs, were allegedly submitted without proper authority.

Upon receipt of the complaint, Defendant Detective Delwyn Davis, representing the New York City Police Department, initiated an investigation that included extensive interviews with various witnesses. Notably, despite the centrality of Wheeler's purported signature and his potential role in authorizing the payments, the investigation did not include an interview with Wheeler. Instead, the investigation solely relied on the accounts of McTee and other supporting evidence—such as internal documents and termination records from Alvita Home Care—which were offered to establish probable cause for the arrests.

Moreover, during subsequent interrogations, both Plaintiffs admitted to completing checks they knew they were unauthorized to execute. Yet, Plaintiffs also provided conflicting statements suggesting that they had received significant sums and even claim that Wheeler may have directly influenced the transactions. Plaintiffs state that these allegations, combined with an absence of complete investigatory diligence—namely, the failure to secure Wheeler's testimony—raise substantial questions as to whether the investigative record fully reflects the material facts and underlying intent. The contend that the attendant discrepancies thereby invite a genuine dispute as to whether the use of force and the basis for arrest were objectively reasonable under the circumstances.

Litigation was launched by Plaintiffs in response to what they allege were wrongful arrests and unjust prosecutions for purported financial misconduct. The procedural history is extensive and multifaceted, reflecting the case's inherent complexity. Initially, on or about December 6, 2016, Plaintiffs filed a summons and complaint that detailed sweeping allegations—including false arrest, false imprisonment, malicious prosecution, and excessive force. In 2017, both parties diligently complied with statutory protocols by submitting notice of claim filings.

Subsequently, the record is enriched by a series of administrative hearings under General Municipal Law 50-h, where Plaintiffs' roles and actions came under rigorous scrutiny. Depositions, some conducted virtually, further illuminated the record, though not without revealing conflicting assertions regarding both the authority for and the nature of the contested financial transactions.

Though Plaintiffs were arrested on charges including grand larceny, their subsequent criminal proceedings were dismissed at the arraignment stage. Nonetheless, the criminal record— while affirming that probable cause existed—leaves unresolved and troubling questions regarding

[* 2]

**450857/2020 Ladypearl Aponsah *et al* - v. - City of New York *et al*.   Motion No.  003**

the thoroughness of the underlying investigation, particularly in relation to the reliability of key witness testimony.

## ARGUMENTS

Defendants argue that the evidence on the face of the record—sworn affidavit testimonies, documentary records, and internal termination reports from Alvita Home Care—unequivocally establishes probable cause for the arrests of Plaintiffs. They assert that key precedents, such as *Broughton v. State of New York*, 37 NY2d 451 (1975) and *Medina v. City of New York*, 102 AD3d 101 (1st Dept 2012), mandate that a police officer's reliance on reliable citizen testimony is sufficient to justify an arrest. Furthermore, Defendants contend that any claim of excessive force is moot because the application of handcuffs—a necessary instrument of a lawful arrest—cannot, under the objective reasonableness standard of *Graham v. Connor*, 490 US 386 (1989), be deemed abusive absent extraneous aggravating factors. They also rely on *Karoon v. New York City Transit Auth.*, 41 AD2d 323 (1st Dept 1997) to dismiss the negligent hiring, training, and retention claim, noting that the officers acted within the scope of their employment. Finally, they assert that the *Monell* and state constitutional claims are legally insufficient because the complaint does not allege an actionable municipal policy or custom.

Plaintiffs, conversely, insist that the investigatory record is marred by significant deficiencies—chiefly, the absence of Wheeler's testimony. They argue that this omission is not a trivial oversight but a decisive flaw that undermines the foundation of probable cause. Citing the importance of investigating every potentially exculpatory lead as emphasized in *Colon v. City of New York*, 60 NY2d 78 (1983) and *People v. Nichols*, 156 AD2d 129 (1st Dept 1989), Plaintiffs urge the court to view all evidence in their favor. They also highlight the conflicting admissions of responsibility, which raise serious questions about the veracity of the presumptive evidence. Regarding the excessive force claim, Plaintiffs demonstrate that the manner in which the handcuffs were applied caused disproportionate physical pain and injury—an issue that warrants trial determination under *Vizzari v. Hernandez*, 1 AD3d 431 (2d Dept 2003). With respect to the negligent hiring, training, and retention claim, Plaintiffs do not dispute that the officers acted within the standard employment scope and thus agree with its dismissal. Finally, while they concede that *Monell* and related state constitutional claims lack the necessary factual foundation to survive a motion to dismiss, Plaintiffs insist that their remaining claims be preserved for trial, where disputed facts can be fully developed.

## DISCUSSION

On a motion to dismiss brought under CPLR § 3211 (a)(7), the court must "accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994] [citations omitted]). Ambiguous allegations must be resolved in the plaintiff's favor (*see JF Capital Advisors, LLC v Lightstone Group, LLC*, 25 NY3d 759, 764 [2015]). "The motion must be denied if from the pleadings' four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*511 West 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 152 [2002] [internal citations omitted]). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in

Page **3** of **8**

determining a motion to dismiss" (*Cortlandt Street Recovery Corp. v Bonderman*, 31 NY3d 30, 38 [2018]), but a pleading consisting of "bare legal conclusions" is insufficient (*Leder v Spiegel*, 31 AD3d 266, 267 [1st Dept 2006], *affd* 9 NY3d 836 [2007], *cert denied* 552 US 1257 [2008]) and "the court is not required to accept factual allegations that are plainly contradicted by the documentary evidence or legal conclusions that are unsupportable based upon the undisputed facts" (*Robinson v Robinson*, 303 AD2d 234, 235 [1st Dept 2003]).

A motion for summary judgment "shall be granted if, upon all the papers and proofs submitted, the cause of action or defense shall be established sufficiently to warrant the Court as a matter of law in directing judgment in favor of any party" (CPLR § 3212[b]). "The proponent of a motion for summary judgment must demonstrate that there are no material issues of fact in dispute, and that it is entitled to judgment as a matter of law" (*Dallas-Stephenson v Waisman*, 39 AD3d 303, 306 [1st Dept 2007]). The movant's burden is "heavy," and "on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party" (*William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh*, 22 NY3d 470, 475 [2013] [internal quotation marks and citation omitted]). Upon a proffer of evidence establishing a *prima facie* case by the movant, the party opposing a motion for summary judgment bears the burden of producing evidentiary proof in admissible form sufficient to require a trial of material questions of fact (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "A motion for summary judgment should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (*Ruiz v Griffin*, 71 AD3d 1112, 1115 [2d Dept 2010] [internal quotation marks and citation omitted]).

Here, the record before the court reveals a tapestry of conflicting testimonial narratives and documentary evidence, from which unresolved issues inevitably arise. Central to the dispute is a profound investigatory deficiency: the failure to secure the testimony of Wheeler. Although key evidentiary matters were addressed by complainant Shelley McTee and the complaining victim Ellen Crowley, the record is conspicuously silent on Wheeler's perspective. Wheeler, whose signature purportedly validates the disputed checks and whose authority might have been exercised pursuant to the power of attorney, is absent. His omission from the investigation casts a long shadow over the reliability of the evidence upon which probable cause is claimed to rest.

As underscored in *Medina*, 102 AD3d 101, *supra*, the completeness of the record is essential in supporting a finding of probable cause. Without Wheeler's testimony, the investigative record remains deficient, and thus the true scope of authority—particularly whether Plaintiffs' actions were authorized under a power of attorney—is left unresolved. To the extent that Defendants assert their reliance on the remaining evidence is sufficient to prove probable cause, these claims are undercut by the unresolved factual dispute regarding Wheeler's critical role. When viewed in this light, the absence of Wheeler must be considered a material omission that renders any determination on probable cause an issue for a jury.

The record further exposes significant inconsistencies in Plaintiffs' own statements, particularly regarding their understanding of the authority to execute the checks and their recollections of how the power of attorney was exercised. These discrepancies undermine the uniformity of the investigative narrative and invite conflicting inferences. In *Colon v*, 60 NY2d 78, *supra*, and *Nichols*, 156 AD2d 129, *supra*, it was emphasized that when factual inferences are

Page **4** of **8**

conflicting—especially in relation to the existence or absence of probable cause—the matter must be resolved at trial rather than by summary judgment.

Defendants contend that sworn affidavits and internal documents provide a self-sufficient basis for probable cause. However, in light of the conflicting witness testimonies and the critical gap left by the absence of Wheeler's corroboration, the evidentiary record presents genuine issues of material fact. Plaintiffs' narrative—when viewed with the benefit of every possible favorable inference—raises substantial doubt as to whether the investigation as a whole satisfies the exhaustive inquiry required.

The statutory framework governing motions for summary judgment under CPLR § 3212(b) demands that the movant demonstrate, over the complete record, the absence of any material factual disputes. In *Dallas-Stephenson*, 39 AD3d at 306, *supra*, as well as in *William J. Jenack Estate Appraisers & Auctioneers, Inc.*, 22 NY3d at 475, *supra*, the burden on the movant is described as "heavy" because facts must be viewed in the light most favorable to the non-moving party. Further, per *Zuckerman*, 49 NY2d at 562, *supra*, once the moving party establishes a prima facie case, the burden then shifts to the nonmovant to produce evidence in admissible form sufficient to create a bona fide dispute of material fact.

In this case, Defendants have proffered affidavits and documentary evidence to assert probable cause and justify their actions. Yet these submissions fail to set forth a prima facie showing, as they are marred by inherent factual disputes—notably, the absence of Wheeler's perspective and the inconsistent accounts regarding the exercise of authority—that preclude a clear determination as a matter of law. As held in *Ruiz*, 71 AD3d at 1115, *supra*, a motion for summary judgment should not be granted where the record presents conflicting inferences and issues of credibility.

Given these unresolved factual and credibility issues, particularly regarding the crucial role of Wheeler's testimony, a determination of probable cause cannot be made conclusively through summary judgment. Even if this court had found that Defendants have set forth a prima facie showing, Plaintiffs have persuasively demonstrated that the investigation's failure to comprehensively pursue every critical lead—the most glaring being the omission of Wheeler— undermines any unequivocal assertion that the arrests were supported by objective probable cause. Moreover, the conflicting evidence regarding the actual scope of the alleged power of attorney indicates that the issue of whether Plaintiffs were authorized to engage in the disputed transactions remains contested.

While it is acknowledged that probable cause does not obligate officers to exhaust every conceivable investigative avenue, in this instance the omission of Wheeler's critical testimony is particularly egregious. Without his input to clarify whether the money was, in fact, misappropriated in the absence of permission and authority, no credible determination can be made regarding the alleged theft. Moreover, any reliance on the power of attorney is rendered moot by the inherent ambiguities surrounding its terms, for it cannot, as a matter of law, be deemed sufficient to supplant the indispensable perspective that Wheeler would have provided. In the absence of Wheeler's testimony, there is no demonstrable crime, and consequently, no sound basis upon which to establish probable cause to effect an arrest.

Page **5** of **8**

**450857/2020 Ladypearl Aponsah *et al* - v. - City of New York *et al.*   Motion No. 003**

The legal standards require that, where ambiguities or conflicting factual scenarios exist, the court resolve such issues in favor of the party asserting the claim—in this case, Plaintiffs. Indeed, ambiguous or insufficiently supported allegations must be construed against the moving party. Therefore, the deficiencies in the investigation, coupled with the unresolved evidentiary gaps and conflicting accounts, unequivocally indicate that determination by a jury is necessary to properly establish the presence or absence of probable cause.

In synthesizing the applicable standards, we recall that a motion to dismiss under CPLR § 3211(a)(7) requires the court to accept factual allegations as pleaded, applying every favorable inference to the Plaintiffs' allegations, as in *Leon*, 84 NY2d 83, *supra*. Plaintiffs have provided a coherent narrative that, taken as true, raises important issues regarding investigatory omissions and conflicting evidence that are central to the determination of lawful arrest. Yet the evidentiary record, particularly the absence of Wheeler's testimony, precludes any resolution of these issues without a full trial.

Furthermore, a motion for summary judgment is only warranted when there is no factual dispute requiring trial, as underscored in *Dallas-Stephenson*, 39 AD3d 303, *supra*, and *William J. Jenack Estate Appraisers & Auctioneers, Inc.*, 22 NY3d 470, *supra*. Here, the unresolved discrepancies regarding the power of attorney, the allegations made by McTee and Ellen Crowley, and the fundamental investigative gap concerning Wheeler inexorably create issues that must be resolved by a jury.

Notwithstanding the overarching conclusions, this court must engage in a meticulous exploration of each individual cause of action asserted.

### A.  False Arrest and False Imprisonment

Defendants rely on *Broughton v. State of New York*, 37 NY2d 451 (1975) to assert that probable cause nullifies the claims of false arrest and false imprisonment. However, while probable cause is an affirmative defense, its determination is inherently fact-specific and, in cases of conflicting evidence, must be submitted to the jury. Plaintiffs' sworn affidavits, combined with their inconsistent recitations regarding the authority to complete the checks, give rise to significant factual disputes. The absence of corroborative testimony from Wheeler further compounds these issues. In light of *Colon*, 60 NY2d 78, *supra*, and *Nichols*, 156 AD2d 129, *supra*, the court finds that genuine factual disputes remain regarding whether the arrest was objectively reasonable, and thus summary judgment must be denied on these counts.

### B.  Malicious Prosecution

The malicious prosecution claim requires Plaintiffs to prove the initiation of a criminal proceeding, favorable termination, lack of probable cause, and actual malice, as articulated in *Nardelli v. Stamberg*, 44 NY2d 500 (1978) and *Hollender v. Trump Village Co-op., Inc.*, 58 NY2d 420 (1983). Here, the mixed nature of the testimonial evidence—admissions by Plaintiffs juxtaposed against an incomplete investigatory record—raises serious factual questions regarding whether the officers' actions were devoid of any reasonable basis. The court finds that the disputed evidence demands a full trial determination regarding the existence of actual malice. Where

conflicting inferences can be drawn from the available evidence, the burden should not shift to Plaintiffs, and thus the malicious prosecution claim must remain intact for adjudication by a jury.

### C.  Excessive Force and Assault and Battery

The constitutional claim regarding excessive force must be examined under the objective reasonableness standard of *Graham v. Connor*, 490 US 386 (1989). In the present matter, although Defendants assert that the application of handcuffs was both minimal and customary, Plaintiffs have offered detailed accounts suggesting that the manner of the handcuffing was unduly tight and caused lasting physical discomfort. Decisions such as *Vizzari*, 1 AD3d 431, *supra*, recognize that even routine procedures may become excessive if applied in a manner that disregards the defendant's physical integrity. Given these factual disputes—particularly in the absence of clear, uncontradicted evidence—the excessive force claim rightly remains a matter for trial.

### D.  Negligent Hiring, Training, and Retention

In their argument, Defendants invoke the precedent of *Karoon v. New York City Transit Auth.*, 241 AD2d 323 (1st Dept 1997) to contend that the negligent hiring, training, and retention claim is inapplicable when the officers' actions are supported by the scope of their employment. Plaintiffs have not proffered any evidence that the officers deviated from established departmental policies. Accordingly, this claim is dismissed as a matter of law.

### E.  Dismissal of Monell and State Constitutional Claims

As required by *Monell v. New York City Dept. of Social Servs.*, 436 US 658 (1978), a municipality may only be held liable under §1983 when the injury arises out of an official policy, custom, or practice. Plaintiffs' allegations fail to identify any specific municipal policy, custom, or practice linking the City's conduct to the alleged constitutional injuries. Full development of these theories, even if afforded greater latitude under *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119 (2d Cir. 1991) and *Vargas v. City of New York*, 105 AD3d 834 (2d Dept 2011), is absent from the pleadings. The court is thus compelled to dismiss the *Monell* and state constitutional claims.

In sum, the court acknowledges that the record in this case teems with ambiguities and unresolved conflicts. Under such a scenario, where shadows obscure the light of truth, the discerning eye of a jury must penetrate the darkness and illuminate justice in its purest, unadorned form. Every element of this dispute—from the missing testimony of Wheeler, whose account is essential, to the inconsistencies concerning the scope of authority—compels this court to deny summary judgment to its fullest. The investigative shortcomings, despite Defendants' reliance on sporadic affidavits, cast significant doubt over whether the complete and robust evidentiary standard required to establish probable cause has been met. As such, this court conclude that these intricate matters, replete with factual nuances and credibility challenges, must ultimately be resolved by a jury.

Consequently, while the evidence mandates the dismissal of the negligent hiring, training, and retention claim and necessitates the dismissal of the *Monell* and state constitutional claims for failing to allege a proper municipal policy, the remaining claims—false arrest, false imprisonment,

[* 7]

**450857/2020 Ladypearl Aponsah** *et al* **- v. - City of New York** *et al.* **Motion No. 003**

malicious prosecution, and excessive force—are fraught with genuine issues of fact. These unresolved matters compel careful determination at trial.

Accordingly, it is hereby

ORDERED that Defendants' motion for summary judgment is DENIED as to the claims for false arrest, false imprisonment, malicious prosecution, and excessive force and assault and battery; and it is further

ORDERED that the claim for negligent hiring, training, and retention is DISMISSED as a matter of law; and it is further

ORDERED that the *Monell* and state constitutional claims are DISMISSED; and it is further

ORDERED that the Clerk of the Court is directed to dismiss those claims upon service of a copy of this order with notice of entry; and it is further

ORDERED that the remaining claims shall proceed to trial, ensuring that every material issue of fact is subjected to full and fair adjudication by a jury; and it is further

ORDERED that the parties are directed to appear for a settlement conference before the court on May 28, 2025 at 12:30 PM at the courthouse located at 80 Centre Street, Room 320, New York, NY 10013.

This constitutes the decision and order of the court.

| 4/9/2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | **HASA A. KINGO, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | X GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |